A05A1843, A05A1844. THE BOEING COMPANY v. BLANE INTERNATIONAL GROUP, INC.; and vice versa.
(624 SE2d 227)

JOHNSON, Presiding Judge.

Blane International Group, Inc. sued The Boeing Company for the price of two Russian-made missile launchers which Blane alleged Boeing had agreed to purchase. Blane asserted claims for breach of contract, negligent misrepresentation, unjust enrichment and punitive damages. In an amended complaint, Blane alleged additional counts for tortious interference with contract and tortious interference with business relations. Specifically, Blane alleged that Boeing's representatives had written three letters that allegedly harmed Blane's ability to conduct its business.

The case was tried before a jury. Boeing moved for a directed verdict on all counts. Blane consented to a directed verdict on its unjust enrichment claim, and voluntarily dismissed its claim for attorney fees. The court denied the motion as to the remaining

counts. On Blane's contract claim, the jury found for Boeing. On Blane's claim for negligent misrepresentation with respect to the missile launchers, the jury awarded Blane $100,000. On Blane's tortious interference with contractual and business relations, the jury found for Blane and awarded it $5,000. The jury also found that Boeing's conduct entitled Blane to an award of punitive damages. A bifurcated trial on the issue of punitive damages proceeded to verdict, with the jury awarding punitive damages in the amount of $3.5 million. Boeing filed a motion for judgment notwithstanding the verdict, including a claim that the award of punitive damages was excessive. Blane filed a motion for new trial on the tortious interference claim. The trial court denied the motions.

In Case No. A05A1843, The Boeing Company appeals, alleging the trial court erred in (1) denying Boeing's motions for a directed verdict and judgment notwithstanding the verdict on Blane's claims for tortious interference with business and contractual relations, (2) failing to reduce the award of punitive damages, (3) failing to cap the punitive damages award at $250,000, (4) denying Boeing's motions for a directed verdict and judgment notwithstanding the verdict on Blane's claims for negligent misrepresentation, and (5) denying Boeing's motion for a new trial. In Case No. A05A1844, Blane appeals, alleging the trial court erred in charging the jury that "clear and convincing" evidence is necessary to prove the existence of an oral contract in the context of a claim for tortious interference with business contracts. Because the facts and arguments in both cases overlap and arise from the same jury trial, we consolidate the appeals. For reasons that follow, we reverse in part the trial court's judgment in Case No. A05A1843, and we dismiss as moot Case No. A05A1844.

## Case No. A05A1843

1. Boeing argues the trial court erred in denying its motions for directed verdict and judgment notwithstanding the verdict on Blane's claims for tortious interference with business and contractual relations. We agree with Boeing that reversal is required.

The record shows that the United States Navy awarded Boeing a contract to supply the Navy with Russian-made missiles. In June 1999, Boeing issued a purchase order to Blane for two missile launchers in the amount of $18,500. Blane could not obtain the launchers directly from Russia, but sought to obtain them from Ukraine. The launchers from Ukraine would cost $100,000. Boeing contends that the purchase order for the procurement of the missile launchers was terminated by mutual agreement in June 2000. Nevertheless, in November 2000, Blane presented Boeing with a written

proposal to acquire the missile launchers on its behalf. Although Blane testified that it received oral promises from Boeing, there was never any written agreement, other than an end-user certificate. In the meantime, Boeing and Blane had an agreement for Blane to provide Boeing with certain missiles. Boeing directed Blane in writing to "cease any and all efforts" related to procurement of the missiles. The evidence showed that Boeing requested Blane to cease all efforts to obtain the missiles because Boeing had entered into a contract with another supplier to provide the missiles. Despite this letter, Blane contends it was instructed to acquire the launchers and deliver them to Boeing. According to Blane, it advanced substantial sums to acquire and deliver the launchers for Boeing in reliance upon Boeing's representations to Blane.

Blane subsequently acquired two missile launchers and delivered them to Atlanta in June 2001. Boeing agreed to inspect the launchers and wrote Blane that Boeing representatives would contact Blane "to discuss procurement, assuming acceptability of launchers." Boeing inspected the launchers, but did not purchase them because they did not conform to their specifications. The launchers were returned to Blane. Blane argues it had no knowledge of the specifications and photographs used by Boeing prior to the inspection.

Following termination of the relationship between Boeing and Blane, three letters were written on Boeing's letterhead. The first letter, dated February 12, 2002, was addressed to Ukrspetsexport.[1] The second letter, dated March 26, 2002, was sent to Colonel Taran, the military attaché at the Ukrainian embassy in Washington, D.C. The third letter, dated May 15, 2002, was sent to Colonel Michael McCoy, the United States Air Force Defense attaché at the United States embassy in Ukraine. These letters sought to establish the authority of Wye Oak to act on Boeing's behalf to acquire missile launchers and to disassociate Boeing from Blane. Boeing also made telephone calls to various government officials asserting the same claims. According to Blane, the letters and phone calls falsely implied that Blane had no authority or permission to act on Boeing's behalf, that Blane had no contractual relationship with Boeing, and that the certificates issued to Blane by Boeing for the procurement of the launchers were believed to be forgeries. Blane did not see any of those letters until October 2002, but argues that they disrupted its ability to procure certain weapon systems in Ukraine. The letters represent the only communications made by Boeing that Blane identified as tortiously interfering with its business and contractual relations.

---

[1] Ukrspetsexport is a Ukrainian company affiliated with the Ukrainian government.

Blane identified three transactions allegedly affected by the letters. One related to the Kulchuga system, a system that detects stealth aircraft. The second was the Zaslon system, a protective system for armored vehicles. The third was an alleged delay in the delivery of two missile launchers to the United States military. Blane did not present any evidence that Boeing knew of the existence of the business relationships involving either the Zaslon or Kulchuga system. At trial, Blane sought damages for tortious interference in an amount between $21 million and $26 million. The jury verdict was for $5,000.

To prove a tortious interference claim, the plaintiff must show (1) improper action or wrongful conduct by the defendant without privilege, (2) the defendant acted purposely and with malice with the intent to injure, (3) the defendant induced a breach of contractual obligations or caused a party or third parties to discontinue or fail to enter into an anticipated business relationship with the plaintiff, and (4) the defendant's tortious conduct proximately caused damage to the plaintiff.[2] Blane claimed that Boeing interfered with Blane's alleged contractual and business relationships by authoring several letters and making several telephone calls. However, the tortious interference claims fail for one obvious reason: Blane has not produced any probative evidence to show that Boeing's letters or telephone calls induced a breach of contract or caused a third party to discontinue a business relationship with Blane.[3]

Blane testified that its company lost contracts and experienced delays in another contract because of Boeing's actions, but Blane's assertions constituted inadmissible hearsay, which has no probative value even when admitted without objection.[4] No witness testified to confirm the existence of any contract or business relationship with Blane, or to confirm that Blane was harmed because of Boeing's letters and telephone calls.[5] In fact, Blane did not present any evidence that any party, including the addressees, had seen or even knew about the letters and telephone calls. While we recognize the difficulty in presenting testimony from the various foreign governments in this case, we cannot dispose of the legal requirement that a party present probative evidence establishing its cause of action. The

---

[2] See *Disaster Svcs. v. ERC Partnership*, 228 Ga. App. 739, 740 (492 SE2d 526) (1997).

[3] See *Sumter Regional Hosp. v. Sumter Free Press*, 248 Ga. App. 780, 782 (1) (546 SE2d 831) (2001).

[4] See *Ace Technologies v. PMCS, Inc.*, 274 Ga. App. 785, 786 (618 SE2d 720) (2005); *Aon Risk Svcs., Inc. of Ga. v. Commercial & Military Systems Co.*, 270 Ga. App. 510, 512 (1) (607 SE2d 157) (2004); *Sumter Regional Hosp.*, supra.

[5] See *Ace Technologies*, supra; *Camp v. Eichelkraut*, 246 Ga. App. 275, 283 (539 SE2d 588) (2000).

trial court erred by denying Boeing's motions for directed verdict and judgment notwithstanding the verdict on this issue.

2. Since we have reversed the denial of Boeing's motions for directed verdict and judgment notwithstanding the verdict as to the claims for tortious interference, the award of punitive damages must also be reversed. The derivative claim cannot survive the absence of compensatory damages on the underlying claim.[6] Blane contends the jury's award for negligent misrepresentation supports the award for punitive damages. However, negligence, even including gross negligence, is insufficient to support a claim for punitive damages.[7] The award of punitive damages is hereby reversed, and Boeing's enumerations of error regarding the award of punitive damages are rendered moot.

3. Boeing contends the trial court erred in denying its motions for directed verdict and judgment notwithstanding the verdict on Blane's claims for negligent misrepresentation. We disagree.

To prove negligent misrepresentation, a plaintiff must show that (1) the defendant negligently supplied false information to foreseeable persons, known or unknown, (2) such persons reasonably relied upon that false information, and (3) economic injury proximately resulted from such reliance.[8] Here, the evidence supports a finding that Boeing requested Blane to purchase two Russian missile launchers and told Blane it would process all paperwork and pay $80,000 for them if Blane delivered them to Boeing. In addition, the evidence supports a finding that Boeing issued end-user certificates, specifying that the launchers were being bought for the United States, and gave Blane specifications to purchase AKY-58 launchers, and not AK-58M launchers, as argued by Boeing. The record also supports a finding that as a result of Boeing's failure to specify the appropriate type of launcher it sought and its refusal to accept the launchers obtained by Blane, Blane incurred financial losses, specifically including the $100,000 it paid for the missile launchers.

Contrary to Boeing's argument, Georgia law does not require written proof of an oral promise as an element of a negligent misrepresentation claim. This argument goes to Blane's breach of contract claim, not its negligent misrepresentation claim. The trial court did

---

[6] See *D. G. Jenkins Homes, Inc. v. Wood*, 261 Ga. App. 322, 325 (3) (582 SE2d 478) (2003).

[7] See *Newitt v. First Union Nat. Bank*, 270 Ga. App. 538, 547 (6) (607 SE2d 188) (2004); *Brooks v. Gray*, 262 Ga. App. 232 (1) (585 SE2d 188) (2003).

[8] See *Marquis Towers, Inc. v. Highland Group*, 265 Ga. App. 343, 346 (593 SE2d 903) (2004); *Smiley v. S & J Investments*, 260 Ga. App. 493, 498 (2) (580 SE2d 283) (2003) (physical precedent only).

not err in denying Boeing's motions for directed verdict and judgment notwithstanding the verdict on Blane's claims for negligent misrepresentation.

### Case No. A05A1844

4. Blane contends the trial court erred in charging the jury that "clear and convincing" evidence is necessary to prove the existence of an oral contract in the context of a claim for tortious interference with business contracts. Since we have found that the trial court erred in denying Boeing's motions for directed verdict and judgment notwithstanding the verdict with respect to Blane's tortious interference claims, this enumeration of error is rendered moot.

*Judgment affirmed in part and reversed in part in Case No. A05A1843. Appeal dismissed as moot in Case No. A05A1844. Ruffin, C. J., and Barnes, J., concur.*

DECIDED NOVEMBER 23, 2005 —
RECONSIDERATIONS DENIED DECEMBER 6, 2005 — ■

*Greenberg Traurig, Michael J. King, Hayden R. Pace*, for appellant.
*Lawrence E. Newlin, Jeffrey N. Schwartz*, for appellee.