A07A1225. KIRKLAND v. TAMPLIN et al.
(645 SE2d 653)

BLACKBURN, Presiding Judge.

Plaintiff Dwain Lee Kirkland appeals the summary judgment granted to defendants Christopher and Kelley Tamplin on Kirkland's three claims against these defendants. As to the two claims for tortious interference, we hold that Kirkland failed to present competent evidence of the element of improper means. As to the claim for

---

intentional infliction of emotional distress, we hold that defendants' alleged conduct was not extreme and outrageous. Accordingly, we affirm.

Summary judgment is only proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*[1]

So viewed, the evidence shows that Kirkland filed a complaint against his nephew Christopher and against Christopher's wife Kelley, in which he set forth three claims. The first claim alleged that Christopher had tortiously interfered with Kirkland's business relations with Kirkland's father before the father's death when (a) Christopher falsely told Kirkland's father (Christopher's grandfather) that Kirkland had introduced Christopher's mother (Kirkland's sister) to Scientology and that this religion was going to take her money, and (b) Christopher falsely told Kirkland's father that Kirkland had no girlfriend, that Kirkland spent all his time and money on strippers, and that Kirkland had written a book that would never sell because it was so violent. Kirkland alleged that these fraudulent comments damaged the business relationship between himself and his father, causing the father to renege on some financial commitments to assist Kirkland.[2]

The second claim alleged that Christopher and Kelley interfered with a settlement agreement between Kirkland and Kirkland's mother, in which the mother had agreed to pay Kirkland increased monies from the estate of Kirkland's father. Kirkland maintained that Christopher and Kelley persuaded the mother to breach that contract by not paying the money.

The third claim alleged that Christopher and Kelley intentionally inflicted emotional distress upon Kirkland when (a) Christopher had told Kirkland, "What goes around comes around" and "This will all come back to you one day," while discussing Kirkland's actions in getting the mother to agree to the estate payments, and (b) two separate callers (whom Kirkland could not identify) phoned Kirkland and informed him that he should remove papers from his car if he did not want them stolen and that Kirkland's psychological and criminal

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[2] Kirkland emphasizes in his appellate reply brief that this claim is a tortious interference claim, not simply a fraud claim.

records had been filed with the probate court overseeing the administration of his father's estate.

Christopher and Kelley moved for summary judgment on all claims, and when responding to that motion, Kirkland himself also moved for summary judgment in his favor on all claims. The court granted defendants' motion for summary judgment in its entirety, making it unnecessary to address Kirkland's motion. Kirkland appeals, claiming the court erred in granting summary judgment to the defendants as to his three claims.

1. *Tortious Interference Claims.* Kirkland's first two claims assert tortious interference with business relations and with contractual relations. We hold that the undisputed evidence shows that Kirkland cannot prove an essential element of these claims.

> Tortious interference claims, whether asserting interference with contractual relations, business relations, or potential business relations, share certain common essential elements: (1) improper action or wrongful conduct by the defendant without privilege; (2) the defendant acted purposely and with malice with the intent to injure; (3) the defendant induced a breach of contractual obligations or caused a party or third parties to discontinue or fail to enter into an anticipated business relationship with the plaintiff; and (4) the defendant's tortious conduct proximately caused damage to the plaintiff.

*Disaster Svcs. v. ERC Partnership.*[3] See *The Boeing Co. v. Blane Intl. Group.*[4]

(a) *Tortious Interference with Business Relations.* The first claim, which alleges tortious interference with Kirkland's business relations with his father, fails for the simple reason that Kirkland's evidence of Christopher's alleged fraudulent comments to the father is entirely hearsay in nature, is not subject to any hearsay exception, and is therefore inadmissible and nonprobative. "In summary judgment proceedings[,] the rules on admissibility of evidence apply, and hearsay has no probative value unless it is part of the res gestae or otherwise admissible." *Hodges v. Putzel Elec. Contractors.*[5]

The only evidence Kirkland submitted to support his allegation that Christopher made fraudulent comments to Kirkland's father about Scientology and that Christopher made fraudulent comments

---

[3] *Disaster Svcs. v. ERC Partnership*, 228 Ga. App. 739, 740 (492 SE2d 526) (1997).

[4] *The Boeing Co. v. Blane Intl. Group*, 276 Ga. App. 672, 675 (1) (624 SE2d 227) (2005).

[5] *Hodges v. Putzel Elec. Contractors*, 260 Ga. App. 590, 594 (1) (580 SE2d 243) (2003).

about Kirkland's personal life and habits was Kirkland's testimony that his sister had recounted these comments to Kirkland. Indeed, this evidence appears to be double hearsay, since there is no evidence that the sister was even present when Christopher allegedly made these comments to the father. In any case, "self-serving hearsay . . . has no probative value on summary judgment." *Adams v. Gay.*[6] Christopher's bare acknowledgment to Kirkland that he had discussed Scientology with the father is hardly grounds from which to infer that those comments were in any way fraudulent. Absent evidence of fraud, Kirkland could not show that Christopher's actions were improper, an essential element of an action for tortious interference. See *Sommers Co. v. Moore.*[7] Because the only evidence of the allegedly wrongful actions was inadmissible hearsay,[8] the trial court did not err in granting summary judgment on this claim.

(b) *Tortious Interference with Contractual Relations.* The second tortious interference claim alleges that Christopher and Kelley persuaded Kirkland's mother to breach a settlement agreement to pay Kirkland a larger portion of his father's estate. Once again, the element of improper conduct is missing from this tort. "[P]laintiff must show more than that the defendant simply persuaded a person to break a contract. *Sommers Co.* [, supra, 275 Ga. App. at 605-606]; *Architectural Mfg. Co. v. Airotec, Inc.*"[9] *Coloplast Corp. v. American Breast Care.*[10] Indeed, the plaintiff must adduce evidence of "improper action or wrongful conduct," which our courts have defined as " 'constitut[ing] conduct wrongful in itself; thus, improper conduct means wrongful action that generally involves predatory tactics such as physical violence, fraud or misrepresentation, defamation, use of confidential information, abusive civil suits, and unwarranted criminal prosecutions.' " *Sommers Co.*, supra, 275 Ga. App. at 606 (quoting *Disaster Svcs.*, supra, 228 Ga. App. at 741-742). Here, we have only the bare evidence that Christopher and Kelley persuaded Kirkland's mother to breach the contract, which alone is insufficient to show tortious interference.

Moreover, as the grandson of Kirkland's father, Christopher and his wife stood to inherit from the grandfather's estate. Therefore, they had a bona fide economic interest in the agreement between the administrator of the estate and Kirkland as to amounts to be paid out

---

[6] *Adams v. Gay*, 270 Ga. App. 65, 66 (1) (606 SE2d 26) (2004).

[7] *Sommers Co. v. Moore*, 275 Ga. App. 604, 605-606 (621 SE2d 789) (2005).

[8] In an affidavit, Christopher expressly denied making any statements to Kirkland's father about Kirkland's personal life or habits.

[9] *Architectural Mfg. Co. v. Airotec, Inc.*, 119 Ga. App. 245, 249 (1) (166 SE2d 744) (1969).

[10] *Coloplast Corp. v. American Breast Care*, 2006 U. S. App. LEXIS 30863, * 946 (11th. Cir. 2006).

from that estate. Where the defendant has "a bona fide economic interest in the contract or relationship with one of the parties to the contract," he is not a stranger to the contract and acts with privilege with regard to that contract. *Disaster Svcs.*, supra, 228 Ga. App. at 741. Because one of the essential elements of tortious interference is a showing that the defendant was acting without privilege, this is a second reason why the trial court correctly granted summary judgment to the defendants here. See *LaSonde v. Chase Mtg. Co.*[11]

2. *Intentional Infliction of Emotional Distress.* Kirkland's remaining claim is that Christopher and Kelley maliciously inflicted emotional distress upon him when (a) Christopher told Kirkland in a "murderous tone" that "[w]hat goes around comes around" and that "[t]his will all come back to you one day," which all related to Kirkland's efforts to have his mother pay him more from the estate, and (b) two unidentified callers phoned Kirkland and informed him that he should remove his litigation materials from his car to prevent their theft and that the probate court had received his criminal and psychological records.

To prove an action for intentional infliction of emotional distress, "a plaintiff must demonstrate that: (1) the conduct giving rise to the claim was intentional or reckless; (2) the conduct was extreme and outrageous; (3) the conduct caused emotional distress; and (4) the emotional distress was severe." *Frank v. Fleet Finance, Inc. of Ga.*[12] Significantly, the defendant's conduct "must be so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." (Punctuation omitted.) *Martin v. North American Van Lines.*[13] " 'Whether a claim rises to the requisite level of outrageousness and egregiousness to sustain a claim for intentional infliction of emotional distress is a question of law.' " *Frank*, supra, 238 Ga. App. at 318.

Under these standards, Kirkland's two allegations of intentional infliction of emotional distress fail. With regard to the statements that "[w]hat goes around comes around" and that "[t]his will all come back to you one day," we hold as a matter of law that such statements do not rise to the requisite level of outrageousness and egregiousness to sustain a claim for intentional infliction of emotional distress. Such common expressions from family members, though given in a threatening tone of voice, are generally considered a common vicissitude of ordinary life and are certainly not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and

---

[11] *LaSonde v. Chase Mtg. Co.*, 259 Ga. App. 772, 773 (1) (577 SE2d 822) (2003).

[12] *Frank v. Fleet Finance, Inc. of Ga.*, 238 Ga. App. 316, 318 (518 SE2d 717) (1999).

[13] *Martin v. North American Van Lines*, 226 Ga. App. 187, 190 (2) (c) (485 SE2d 815) (1997).

to be regarded as atrocious, and utterly intolerable in a civilized community." *Jarrard v. United Parcel Svc.*[14] With regard to the phone calls, Kirkland admitted that he could not identify the callers, nor did he have any competent evidence that either of the two defendants arranged for the phone calls. Nor do these statements rise to the requisite level of outrageousness.

Accordingly, the trial court did not err in granting summary judgment on the intentional-infliction-of-emotional-distress claim.

3. We exercise our discretion to deny defendants' two motions for sanctions.

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED APRIL 25, 2007 —
RECONSIDERATION DENIED MAY 8, 2007 — ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Dwain L. Kirkland, *pro se.*

*Blasingame, Burch, Garrard & Ashley, Thomas H. Rogers, Jr., Thomas F. Hollingsworth III*, for appellees.

---

[14] *Jarrard v. United Parcel Svc.*, 242 Ga. App. 58, 59 (529 SE2d 144) (2000).
[1] See *Forde v. State*, 277 Ga. App. 410 (626 SE2d 606) (2006).