SAVAGE & TURNER, P.C. and Kenneth E. Futch, P.C., Plaintiffs,

v.

FIDELITY & DEPOSIT COMPANY OF MARYLAND and Zurich American Insurance Company, Defendants.

No. CV 510–088.

United States District Court, S.D. Georgia, Waycross Division.

Aug. 10, 2011.

Brent J. Savage, Savage, Turner, Pinson & Karsman, PC, C. Dorian Britt, Tate Law Group, LLC, Savannah, GA, Kenneth

E. Futch, Jr., The Futch Law Firm, Waycross, GA, for Plaintiffs.

P. Keith Lichtman, Mills, Paskert, Divers, Atlanta, GA, for Defendants.

### ORDER

LISA GODBEY WOOD, Chief Judge.

Presently before the Court is Defendants' Motion for Summary Judgment. Upon due consideration, the motion is **GRANTED**.

### BACKGROUND

This case arises from a lawsuit brought by Douglas Asphalt Company ("DAC") and two of its owners/guarantors (Joel and Kyle Spivey) against Applied Technical Services ("ATS"). DAC and the Spiveys retained Plaintiffs Savage & Turner, P.C. and Kenneth E. Futch, P.C., two law firms, to represent them against ATS. A trial in the fall of 2009 resulted in a $150 million jury verdict in favor of DAC and the Spiveys. Prior to the verdict, DAC, the Spiveys, ATS, and one of ATS's insurers reached a partial settlement in which ATS agreed to pay $1 million out of corporate funds and assign certain claims to DAC and the Spiveys. The parties also agreed that Evanston Insurance Company, one of ATS's insurers, would pay its policy limits of $1 million in exchange for a release. *See* Compl. ¶¶ 7–14, ECF No. 1–1.

DAC and the Spiveys had a fee contract with Plaintiffs, pursuant to which Plaintiffs were entitled to a contingency of 37.5% of all amounts collected up to $3 million, plus expenses. In November of 2009, Plaintiffs filed attorneys' liens pursuant to O.C.G.A. § 15–19–14. Plaintiffs assert that they are entitled to $1,710,636.46 in fees and expenses arising from their representation of DAC and the Spiveys in the action against ATS and in related matters and litigation. One million dollars has been paid to Plaintiffs. *See* Compl. at ¶¶ 15–22.

Plaintiffs filed suit in the State Court of Ware County, Georgia, which Defendants timely removed, claiming that Defendants tortiously interfered with Plaintiffs' fee contract with DAC and the Spiveys. Plaintiffs' Complaint asserts causes of action for tortious interference, punitive damages, and attorneys' fees. Defendants now move for summary judgment as to all claims.

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The court must view the evidence and draw all inferences in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). To discharge this burden, the movant must show the court that there is an absence of evidence to support the nonmoving party's case. *Id.* at 325, 106 S.Ct. 2548. The burden then shifts to the nonmovant to go beyond the pleadings and present affirmative evidence to show that a genuine issue of fact does exist. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### DISCUSSION

**I. Tortious Interference with Contract**

To prevail on a claim of tortious interference with contract under Georgia law, a plaintiff must demonstrate

(1) improper action or wrongful conduct by the defendant without privilege; (2) [that] the defendant acted purposely and with malice with the intent to injure; (3) [that] the defendant induced a breach of

contractual obligations or caused a party or third parties to discontinue or fail to enter into an anticipated business relationship with the plaintiff; and (4) [that] the defendant's tortious conduct proximately caused damage to the plaintiff. *Duke Galish, LLC v. Manton,* 291 Ga.App. 827, 662 S.E.2d 880, 884 (2008) (citation omitted). As explained below, Plaintiffs have offered no evidence of improper action or wrongful conduct by Defendants; therefore, Defendants are entitled to summary judgment.

■ To establish that Defendants engaged in improper action or wrongful conduct, Plaintiffs "must show more than that the defendant simply persuaded a person to break a contract." *Kirkland v. Tamplin,* 285 Ga.App. 241, 645 S.E.2d 653, 656 (2007) (internal quotation marks omitted). Instead, Plaintiffs must offer evidence of "conduct wrongful in itself," or "action that generally involves predatory tactics such as physical violence, fraud or misrepresentation, defamation, use of confidential information, abusive civil suits, and unwarranted criminal prosecutions." *Id.* (internal quotation marks omitted). Plaintiffs' Response identifies the four bases of allegedly improper action or wrongful conduct for which Plaintiffs seek relief. *See* Resp. 3; *see also* Defs.' Reply 3–4, ECF No. 24 (summarizing those bases). However, Plaintiff offers no evidence of any such conduct.

■ First, Plaintiffs complain that Defendants have filed multiple garnishment actions against third parties, DAC, and the Spiveys, which Plaintiffs label as "abusive predatory tactics." Resp. 5. While abusive civil suits may constitute wrongful conduct

for purposes of tortious interference, Plaintiffs have offered no evidence showing that these particular garnishment actions were in any way abusive. Simply filing a civil action is not in itself abusive. Moreover, Defendants have actually obtained civil judgments against DAC and the Spiveys. *See* Judgments, ECF No. 18–2 (August 7, 2008 judgment in favor of Fidelity and Deposit Company of Maryland and Zurich American Insurance Company against DAC and the Spiveys for $620,307.57; January 23, 2009 judgment in favor of F & D and Zurich against DAC and the Spiveys for $16,524,798.42). Filing garnishment actions to attempt to satisfy judgments does not by itself constitute abusive litigation. Furthermore, Plaintiffs have not supported with any evidence their contention that Defendants are "using undue pressure to force ATS and Evanston to not fulfill the contract" through their filing of the garnishment actions. Plaintiffs have submitted no deposition testimony, affidavits, or any other evidence whatsoever in response to the Motion for Summary Judgment. Plaintiffs have offered no evidence of "pressure" other than the simple act of Defendants' filing civil actions that they are freely permitted to file. Resp. 5.

Second, Plaintiffs claim that Defendants "have threatened legal action against ATS and Evanston in the event they disburse any of the settlement monies pursuant to the Settlement Agreement." Resp. 5. Plaintiffs have not, however, come forward with any evidence tending to establish the existence of such threats. Plaintiffs rest entirely on the conclusory allegations of their Complaint and Response.[1] Naked

---

1. Plaintiffs repeat, without elaboration, the same conclusory allegations in their Complaint and Response. *See, e.g.,* Compl. ¶ 23 ("Defendants ... have threatened legal action against ATS and Evanston in the event they

disburse any of the settlement monies pursuant to the Settlement Agreement."); Resp. 5 ("The defendants have filed multiple garnishment actions and have threatened legal action against ATS and Evanston in the event they

allegations do not satisfy Plaintiffs' summary judgment burden.

Third, Plaintiffs contend that Defendants "refused for many months to accede to Plaintiffs being paid its [sic] expenses." Resp. 3. Plaintiffs have offered no authority to support characterizing this as wrongful conduct or improper action. Disagreeing with an opposing party's contentions is simply not the sort of wrongful conduct contemplated as an element of tortious interference with contract; if disagreeing with the opposing party were deemed a "predatory tactic," all litigation would be considered predatory.[2]

Finally, Plaintiffs cite as wrongful conduct Defendants' refusal to agree that Plaintiffs are entitled to payment in full of their fees and costs and/or to the lien of Plaintiff Kenneth E. Futch, P.C. Resp. 3. Again, without more, simply disagreeing with an opposing party's position is not actionable in tort.

Defendants have demonstrated the absence of a genuine issue of material fact as to the tortious interference claim, and Plaintiffs have not come forward with affirmative evidence showing that one does indeed exist. Summary judgment therefore must be granted against Plaintiffs' tortious interference claim.

## II. Punitive Damages

Because summary judgment is granted as to Plaintiffs' one underlying substantive claim (tortious interference), summary judgment is also granted as to their claim for punitive damages. *See Barnes v. White Cnty. Bank,* 170 Ga.App. 681, 318 S.E.2d 74, 76 (1984) ("Punitive damages may not be recovered where there is no entitlement to compensatory damages.").

## III. Attorney's Fees

Likewise, summary judgment is also granted as to Plaintiffs' claim under O.C.G.A. § 13–6–11 for attorneys' fees. *See United Cos. Lending Corp. v. Peacock,* 267 Ga. 145, 475 S.E.2d 601, 602 (1996) ("A prerequisite to any award of attorney fees under O.C.G.A. § 13–6–11 is the award of damages or other relief on the underlying claim.").

## CONCLUSION

Defendants' Motion for Summary Judgment is hereby **GRANTED.** The Clerk of Court is instructed to close the case.

---

disburse any of the settlement monies pursuant to the Settlement Agreement.").

**2.** Furthermore, the Bankruptcy Court ruled on February 4, 2010 in favor of Defendants' position on at least one issue. *See* Order of Feb. 4, 2010, Chapter 7 Case No. 09–51272, Adversary Proceeding No. 10–05003 (Bankr. S.D. Ga.) (holding that the scope of Plaintiffs' charging lien was restricted to fees and expenses incurred in the specific case in which the recovery was obtained; denying Plaintiffs' motion for summary judgment; and granting Defendants' motion for partial summary judgment).