[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12354
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cv-00157-LGW-JEG


GOWEN OIL COMPANY, INC.,

Plaintiff - Appellant,

versus

BIJU ABRAHAM, et al.,

Defendants,

GREENBERG TRAURIG, LLP,
GREENBERG TRAURIG, P.A.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(March 6, 2013)

Before CARNES, HULL, and JORDAN, Circuit Judges.

PER CURIAM:

Gowen Oil Company, Inc. appeals the district court's award of attorney's fees and expenses under Ga. Code Ann. § 9-11-68 to Greenberg Traurig, LLP and Greenberg Traurig PA (collectively, Greenberg). [1]

Gowen filed an action for tortious interference, negligence, and fraud against Greenberg and one other defendant in Georgia state court, seeking roughly $35 million in compensatory and punitive damages, attorney's fees, and costs. Greenberg timely removed the case to federal court based on diversity of citizenship. [2] On March 31, 2010, acting under Ga. Code Ann. § 9-11-68, Greenberg offered Gowen $63,000 to settle all of the claims. Gowen did not respond to the offer, which was deemed rejected 30 days after it was made. See Ga. Code Ann. § 9-11-68(c).

On September 3, 2010, the district court granted summary judgment in favor of Greenberg on all of Gowen's claims against it. Although Gowen's claims

---

[1] Gowen's brief states that it is seeking review of the award of costs but contains no argument and cites no authority about costs as distinguished from legal fees. For that reason, any issue about costs has been waived. See Hamilton v. Southland Christian School, Inc., 680 F.3d 1316, 1319 (11th Cir. 2012) ("A passing reference to an issue in a brief is not enough, and the failure to make arguments and cite authorities in support of an issue waives it.").

[2] Greenberg could remove without consent of the other defendant Gowen intended to sue, because that defendant was not served. See 28 U.S.C. § 1446(b)(2)(A) ("[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action."). Later, Gowen filed an amended complaint adding two defendants, which did not affect the removal.

2

against another defendant were still pending, on January 10, 2011 the court entered final judgment in Greenberg's favor on Gowen's claims against it. Greenberg, which had hired an Atlanta law firm to defend it against Gowen's claims, requested attorney's fees and expenses incurred between May 4, 2010 and November 7, 2010, under Ga. Code Ann. § 9-11-68. It also requested costs under Fed. R. Civ. P. 54. After a hearing, the district court granted Greenberg's request, awarding it $35,577.54 in costs, $272,031.90 in fees, and $9,230.25 in expenses. This is Gowen's appeal.[3]

We review a district court's award of attorney's fees only for an abuse of discretion. Gray v. Lockheed Aeronautical Systems Co., 125 F.3d 1387, 1389 (11th Cir. 1997). "An abuse of discretion occurs if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous." Johnson v. Breeden, 280 F.3d 1308, 1326 (11th Cir. 2002) (quotation marks omitted).

## I.

Gowen contends that Greenberg is not entitled to recover any fees and expenses because it had malpractice insurance that covered its payment of those fees. The Georgia statute allows the defendant to recover fees and expenses

---

[3] This appeal involves only the district court's award of fees and expenses. We affirmed the grant of summary judgment in favor of Greenberg in an earlier appeal. Gowen Oil Co., Inc. v. Greenberg Traurig, LLP, 453 F. App'x. 897 (11th Cir. 2011) (unpublished).

3

incurred not only by the defendant but also "on the defendant's behalf." See Ga. Code Ann. § 9-11-68(b)(1). The district court concluded that that statutory language contemplates an award of attorney's fees and expenses where they were payable or paid by an insurance company on the party's behalf. Gowen has not presented any authority suggesting that the statute should be read differently. The "clear purpose" of § 9-11-68 is "to encourage litigants in tort cases to make and accept good faith settlement proposals in order to avoid unnecessary litigation." Smith v. Baptiste, 694 S.E.2d 83, 88 (Ga. 2010). That purpose would be undermined if the rejecting party did not have to pay fees and expenses that were covered by the offering party's insurance. We agree with the district court that Greenberg's insurance does not insulate Gowen from the payment of legal fees and expenses under § 9-11-68.

## II.

The Georgia Code provides, "[i]f a defendant makes an offer of settlement which is rejected by the plaintiff, the defendant shall be entitled to recover reasonable attorney's fees and expenses of litigation incurred by the defendant or on the defendant's behalf from the date of the rejection of the offer of settlement through the entry of judgment if the final judgment is one of no liability . . ." Ga. Code Ann. § 9-11-68(b)(1) (emphasis added). Gowen argues that the "entry of judgment" occurred on September 3, 2010, the date the district court granted

4

summary judgment against it on all of its claims against Greenberg. That grant of summary judgment was only a partial resolution of the case, however, because claims against another defendant remained pending. The plain language of § 9-11-68 indicates that the period for incurring recoverable fees does not end with a "judgment" but instead with the "entry of judgment." Under both Georgia and federal law, when a judgment resolves fewer than all of the claims pending before the court, the court "may direct the entry of a final judgment . . . only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Ga. Code Ann. § 9-11-54(b); see also Fed. R. Civ. P. 54(b). The district court did not direct the entry of judgment until January 13, 2011, when it entered final judgment under Fed. R. Civ. P. 54(b). For that reason, the district court did not abuse its discretion in determining that Greenberg is entitled to fees it incurred after September 3, 2010 and before January 13, 2011.

Based on its misunderstanding of the term "judgment" as used in Ga. Code Ann. § 9-11-68, Gowen also argues that the statute and federal law define "judgment" differently, and because of that difference the Georgia statute should not be applied in this diversity case. We disagree. There is no relevant difference in definition because § 9-11-68 specifies that the end point for calculating the legal fees and expenses to be awarded is not the order announcing the judgment but "the

5

entry of judgment." Ga. Code Ann. § 9-11-68(b)(1) ("through the entry of judgment"). [4]

### III.

Gowen contends that even if Greenberg is entitled to attorney's fees, the amount it requested and the district court awarded is unreasonable for several reasons. First, it argues that the court applied the incorrect market rate in determining reasonable fees. "[T]he starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).[5] "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Id.

Gowen argues that the lower market rates in Brunswick, Georgia, the venue where the case was decided, should have been used in determining a reasonable hourly rate. Greenberg presented expert testimony that Atlanta rates were

---

[4] Although Gowen argued to the district court that § 9-11-68 should not be applied in this diversity case because it is procedural, Gowen did not raise that argument before us and so it is waived. Hamilton, 680 F.3d at 1319. We apply § 9-11-68 here but do not decide whether it should be applied in all diversity cases applying Georgia law.

[5] The district court used federal law to evaluate the reasonableness of the requested amount. Gowen did not object to that, and both parties base their arguments about the reasonableness of the fees on federal law. In any event, as the district court noted, the outcome would be the same under Georgia law. Therefore, we assume, as everyone else has, that federal standards of reasonableness apply. Cf. Columbus Mills, Inc. v. Freeland, 918 F.2d 1575, 1578, 1580 (11th Cir. 1990) (following state law in determining whether attorney's fees were available but applying, without comment, federal standards to determine reasonableness).

appropriate because there was no Brunswick firm with comparable experience. The district court did not decide which market rates should apply because it concluded that using Brunswick rates would not result in a reduction in the requested reimbursement amount. Although Greenberg was charged based on Atlanta rates, it negotiated a ten percent discount and imposed a fee cap of $150,000 on hours billed for briefing of the summary judgment motion. Based on those discounts Greenberg incurred about the same amount in fees that it would have if it had paid Brunswick rates and received no discounts.

Greenberg submitted an affidavit with prevailing market rates for Brunswick multiplied by the 1,162.9 hours expended by Greenberg's counsel, resulting in a fee amount of $276,575.00. Greenberg had requested $272,031.90 in fees based on the discounted Atlanta rate. The district court found that the rates and calculations in the affidavit were accurate and concluded that Greenberg's requested fees were in line with Brunswick's prevailing market rates. If Greenberg's fee request was based on reasonable rates, the district court did not abuse its discretion in granting the request, even if Greenberg arrived at those reasonable rates only by negotiating for a discount.

Gowen argues that the ten percent discount Greenberg negotiated with its counsel should have been applied when the court calculates reasonable fees based on Brunswick rates. There is no evidence in the record explaining why Greenberg

7

was able to negotiate the lower rate. Simply because one party was able to negotiate a discount on the rates it was charged does not mean that the discount must be applied to a lower regional rate if a lower regional rate should apply in evaluating the reasonableness of the fees. In evaluating comparability of market rates, the court may consider factors such as the nature and length of the professional relationship with the client and the customary fee for similar work in the community. See Norman, 836 F.2d at 1299–1300 (noting that the court may consider the Johnson factors in evaluating the relevancy and weight of comparables offered to the court). If, for example, Gowen had offered evidence that attorneys in Brunswick generally charge a lower rate when they represent law firms like Greenberg on this kind of case, the court would have been obligated to take that fact into consideration. Gowen has not offered any evidence of that. Gowen's bare assertion that a discount should apply to Brunswick rates simply because Greenberg actually negotiated a discount on the rates of the lawyers it hired in Atlanta is incorrect, and the district court did not abuse its discretion in finding that the rates requested by Greenberg are reasonable.

## IV.

Gowen also argues that the number of hours requested by Greenberg is unreasonable. It first contends that Greenberg has requested fees for repetitive work, specifically citing hours billed for meetings involving several attorneys.

8

"There is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." Norman, 836 F.2d at 1302. But "[t]he time of two or three lawyers in a courtroom or conference when one would do, may obviously be discounted." Johnson v. Georgia Highway Exp., Inc. 488 F.2d 714, 717 (5th Cir. 1974).

Gowen specifically focuses on two meetings held in May, each of which involved four attorneys.[6] The affidavits and other materials submitted by Greenberg do not detail what each attorney did in those meetings, but they do detail how work was divided on the motion for summary judgment brief, which was the topic of those meetings. For example, two partners present at one of the meetings drafted different parts of the brief, one associate reviewed the facts in the brief, and another reviewed Gown's brief. Based on the affidavits, which show the individualized contributions each attorney made to the briefing tasks, the district court concluded that the hours the attorneys spent in the meeting were reasonable. The district court has a range of choice in exercising its discretion, see, e.g., Norelus v. Denny's Inc., 628 F.3d 1270, 1280 (11th Cir. 2010), and although we might well have reached a different conclusion had the choice been ours, we cannot say that the district court exceeded the limits of its discretion in awarding

---

[6] Although Gowen contends that meetings held on those days included six attorneys, the invoice submitted by Greenberg indicates that four attorneys were present at each meeting.

9

fees for hours requested for the multiple-attorney meetings given the different role of each attorney.

Gowen next contends that the court should discount hours spent on unsuccessful work, specifically hours spent preparing video clips of depositions that were never used[7] and a motion to strike that was never filed.  Generally, hours spent on "discrete and unsuccessful claims" should be excluded from fee awards.  Norman, 836 F.2d at 1302.  The district court concluded, however, that § 9-11-68 "plainly contemplates awards of attorney's fees on unsuccessful legal work" because it provides for losing defendants to recover attorney's fees if the final judgment is less than 75 percent of the offer of settlement.  See Ga. Code Ann. § 9-11-68(b)(1).  A statute that provides for a losing defendant to recover attorney's fees plainly cannot exclude recovery of fees for time spent on unsuccessful claims.  The fact that a judgment is entered against a defendant necessarily means that the work the defendant did in an effort to avoid that judgment was unsuccessful in avoiding a judgment against the defendant.  Therefore blocking recovery of fees spent on unsuccessful claims would prevent a losing defendant from recovering any fees regardless of how far below the offer the actual judgment was.  That result is plainly inconsistent with § 9-11-68(b)(1).  We cannot say the district court's

---

[7] Gowen argued in the district court that costs associated with taking those depositions should also be excluded from Greenberg's award.  Because Gowen failed to raise that issue on appeal, it has been abandoned.  N. Am. Med. Corp. v. Axiom Worldwide, Inc., 522 F.3d 1211, 1217 n.4 (11th Cir. 2008).

10

reasoning was an abuse of discretion.  The district court also found as a fact that the work on the deposition video clips and the motion to strike was necessary, and that finding is not clearly erroneous.

Gowen also contends that Greenberg is not entitled to recover fees for paralegal work.  Fees for paralegal work are recoverable "to the extent that the paralegal performs work traditionally done by an attorney."  Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988) (emphasis omitted).  Greenberg presented an affidavit stating that all of the work done by its paralegals would have been performed by attorneys if the paralegals had not done it, and Gowen has failed to point out any work done by paralegals that is not work traditionally done by attorneys.  The district court did not abuse its discretion by including paralegal hours in the fee calculation.

Finally, Gowen's argument that Greenberg's hours are unreasonable simply because Gowen's counsel spent far fewer hours preparing for the same case is without merit.  See Johnson v. Univ. Coll. of Univ. of Ala. in Birmingham, 706 F.2d 1205, 1208 (11th Cir. 1983) ("The amount of hours that is needed by one side to prepare adequately may differ substantially from that for opposing counsel, since the nature of the work may vary dramatically.").

The district court's grant of Greenberg's request for fees and expenses is **AFFIRMED**.

11