A90A1310. KARAT ENTERPRISES, INC. v. MARRIOTT CORPORATION.
(397 SE2d 44)

BEASLEY, Judge.

Defendant Karat challenges the grant of plaintiff Marriott's motion for summary judgment.

Marriott sued to recover sums of money paid to Karat by mistake. Karat answered the complaint but did not timely answer or controvert Marriott's request for admissions and first interrogatories. Among the admissions were that Karat received certain checks, that they were paid in error, that the total amount paid in error by Marriott to Karat was $5,886.18, and that Marriott had demanded that sum from Karat.

Marriott moved for summary judgment on the ground that there were no genuine issues of material fact. Over a month later Karat filed answers to the request for admissions and to the first interrogatories, but it filed no motion to withdraw or amend the admissions. After a hearing on the motion for summary judgment, the court found no genuine issues of material fact and entered judgment for Marriott.

A request for admissions necessitates a written answer or objection signed by the party or his attorney. *Hilton Hotels Corp. v. Withrow Travel Svc.*, 150 Ga. App. 435 (258 SE2d 59) (1979). Otherwise the request's subject matter is admitted. *Thompson v. Berman*, 147 Ga. App. 740 (1) (250 SE2d 190) (1978). The absence of timely answers conclusively establishes, as judicial admissions, the facts referred to in the request. *Stone v. Lenox Enterprises*, 176 Ga. App. 696, 697 (1) (337 SE2d 451) (1985); *Albitus v. Farmers & Merchants Bank*, 159 Ga. App. 406, 407 (1) (283 SE2d 632) (1981). The burden is on the one failing to answer to take the initiative and file a motion under OCGA § 9-11-36 (b) to withdraw or amend the admissions. *National Bank v. Merritt*, 130 Ga. App. 85, 87 (1) (202 SE2d 193) (1973).

Karat's answers could not be considered because they were filed after the expiration of the statutory time, without permission for late filing, and without a motion to withdraw the admissions occasioned by default. *Albitus*, supra.

Karat complains that summary judgment was granted because it was not present at the hearing. Its presence is irrelevant, as an entitlement of summary judgment is founded on the record itself, which here included pivotal admissions. *Crider v. Pepsi Cola Bottlers*, 142 Ga. App. 304 (235 SE2d 683) (1977).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 4, 1990.

Tonya S. Lowe, *pro se.*
Karl J. Howe, Jr., for appellee.