## A94A2051. MOORE v. LOUIS SMITH MEMORIAL HOSPITAL, INC.
### (454 SE2d 190)

POPE, Presiding Judge.

Plaintiff is an elderly resident of defendant nursing home. Plaintiff was injured on May 22, 1991, when her foot became caught in a bed rail while a nursing assistant employed by defendant was helping plaintiff get into bed. Plaintiff filed suit against defendant on May 27, 1993, seeking damages for the injuries she suffered in 1991. Defendant filed a motion for summary judgment, contending that plaintiff's action was barred by the two-year statute of limitation applicable to actions for medical malpractice. OCGA § 9-3-71. The trial court granted defendant's motion, and plaintiff filed the present appeal to this court.

Plaintiff contends the trial court erred in granting defendant's motion because her complaint did not allege medical malpractice but instead sought recovery against defendant based upon ordinary negligence and breach of contract. Moreover, she contends, the two-year statute of limitation on her negligence claim was tolled by her mental incompetency, and the statute of limitation with respect to her contract claim is four rather than two years in any case. Defendant argues that under OCGA § 9-3-70 (2), any claim for damages arising out of the "[c]are or service rendered by any public or private hospital, nursing home, clinic, hospital authority, facility or institution, . . ." is defined as an action for medical malpractice, and that because the periods of limitation applicable to medical malpractice actions are not tolled by mental incompetency, see OCGA § 9-3-73 (b) and *Kumar v. Hall*, 262 Ga. 639 (423 SE2d 653) (1992), the trial court properly granted summary judgment in this case.

We reject defendant's argument that any cause of action arising out of care provided by a health care facility is automatically one for medical malpractice. Not all injuries that occur in a hospital, nursing home or other health care facility are the result of professional negligence; they may be solely attributable to ordinary or simple negligence. See *Self v. Exec. Comm. &c.*, 245 Ga. 548 (266 SE2d 168) (1980). For that reason, our appellate courts have consistently looked to the claim stated rather than the entity or person sued when determining whether an action is for professional malpractice or ordinary negligence. "[S]imply because an alleged injury occurs in a hospital setting, a suit to recover for that injury is not necessarily a 'medical malpractice' action. [Cit.] Likewise, not every suit which calls into question the conduct of one who happens to be a medical professional is a 'medical malpractice' action. A professional malpractice action is merely a professional negligence action and calls into question *the conduct of a professional in his area of expertise.*" *Candler Gen.*

*Hosp. v. McNorrill*, 182 Ga. App. 107, 109-110 (354 SE2d 872) (1987). Consequently, we must look to the substance of an action against a medical professional, hospital, or health care facility in determining whether the action is one for professional or simple negligence.

In this case, plaintiff was injured while being moved from her wheelchair to her bed. The record does not show and defendant does not suggest that this aspect of plaintiff's care was required to be performed by a person with medical training or that it involved the exercise of medical judgment or required medical expertise. Accord *Candler Gen. Hosp.*, 182 Ga. App. at 110. "[U]nder all of the evidence of record, the safe movement of [plaintiff] from the [wheelchair to the bed] was merely an act of relative physical strength and dexterity rather than an act requiring the exercise of expert medical judgment." Id. Because plaintiff's claim was based on ordinary rather than professional negligence, the running of the statute may be tolled by her mental incompetency. As plaintiff points out, the question of mental capacity is ordinarily one of fact to be determined by the trier of fact. *Chapman v. Burks*, 183 Ga. App. 103, 107 (357 SE2d 832) (1987). The trial court thus erred in granting summary judgment on plaintiff's negligence claim.

Moreover, because the statute of limitation on plaintiff's contract claim is four years, the trial court also erred in granting summary judgment on that claim.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 14, 1995.

*John M. Cullum,* for appellant.
*Tillman, McTier, Coleman, Talley, Newbern & Kurrie, Wade H. Coleman, Edward F. Preston,* for appellee.