### A08A0787. CARR et al. v. KINDRED HEALTHCARE OPERATING, INC. et al.
(666 SE2d 401)

BARNES, Chief Judge.

Jacqueline Carr and Frank McCray (hereinafter "Carr") appeal from the trial court's order granting summary judgment to Kindred Healthcare Operating, Inc. and Personacare of Warner Robins, Inc. (hereinafter "Kindred") in their breach of contract action. They contend that the trial court's grant of summary judgment was premature because there had been no discovery, and that the court erred in finding that their claims were barred by the statute of repose. Upon our review, we affirm.

A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Rice v. Huff*, 221 Ga. App. 592, 592-593 (472 SE2d 140) (1996).

So viewed, the evidence shows that the appellants' mother was a resident at the Warner Robins Rehabilitation and Nursing Center from approximately November 9, 1998 to April 17, 2000, when she was transferred to an area hospital where she died on April 20, 2000. The nursing home was owned and operated by Personacare.

In February 2002, Carr filed a complaint alleging breach of contract and violation of the bill of rights for residents of long-term care facilities against Kindred and the nursing home. The affidavit of a registered nurse was attached to the complaint setting forth deviations from the standard of care by the nursing staff at the facility. On May 16, 2005, the complaint was dismissed without prejudice, and subsequently re-filed on May 25, 2005. The re-filed

complaint included the original claims and additional claims for fraud and deceit, negligence per se, and punitive damages. The parties agreed to a stipulation extending time for Kindred to file its answers and responsive pleadings.

Kindred subsequently filed a protective order to stay the discovery period and time period for responding to the interrogatories and requests for production of documents until the trial court ruled on its motion for summary judgment. Contemporaneous to this motion, Kindred filed a motion for summary judgment, asserting that the renewed action was a medical malpractice action and as such was barred by the statute of repose because it was filed more than five years after the mother's death.

The trial court granted the motion and in an oral ruling found that the lawsuit is "what [Carr] say[s] it is . . . [but] what they say it is [must be] consistent with what they have in fact pled." The court further determined that

> the claims that are alleged, in order for them to be established, require some determination as to whether appropriate judgment was used. There is a distinction between a claim that someone fell out of bed and that someone was not given appropriate care. There is a distinction between a claim alleging no care and a claim alleging deficient care. The issue of deficiency, the issue of degrees of care, degrees of activity, all surround the notion that one exercised judgment inappropriately. It is for that reason that it's the court's belief that the claims as asserted are properly characterized as medical malpractice claims. . . . The decedent died in April of 2000 and the original action was brought in the State Court of Fulton County on February 8, 2002, within the statute of limitations. That action was dismissed and was refiled. The current action was filed more than five years after the date in which the alleged negligence occurred. The refiling in this instance occurred more than five years after the decedent's death. Pursuant to OCGA § 9-[3]-71 (a), actions for medical malpractice must be brought within two years after the date on which the injury or death arising from the negligent act occurred. The statute of repose provides that in no event may an action for medical malpractice be brought more than five years after the date on which the negligent act occurred. The refiling in this instance is barred by the statute of repose.

The trial court's written order granted summary judgment to Kindred.

1. Carr first contends that the trial court erred in granting Kindred's motion for summary judgment because no discovery had been conducted. They argue that because no evidence was before the trial court, the ruling was premature and should have been withheld until discovery was concluded. This contention is meritless.

Pursuant to OCGA § 9-11-56 (f),

> [s]hould it appear from the affidavits of a party opposing the [summary judgment] motion that he cannot, for reasons stated, present by affidavits facts essential to justify his opposition, the court may refuse the application for judgment, or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had, or may make such other order as is just.

Thus, if Carr needed additional discovery for their response to Kindred's motion, they should have invoked OCGA § 9-11-56 (f). *Thompson v. Tom Harvey Ford Mercury, Inc.*, 193 Ga. App. 64 (387 SE2d 28) (1989). The trial court was not required to allow the completion of discovery before ruling on the motion for summary judgment.

2. Carr next contends that the trial court erred in determining that their claims were barred by the statute of repose when the claims do not require a finding of professional negligence to proceed.

With regard to the statute of limitation, a renewal action that is properly filed stands on the same footing as the original action. *Atlanta Country Club v. Smith*, 217 Ga. App. 515, 516 (1) (458 SE2d 136) (1995). Thus, if after dismissal of the original action, a renewal action is properly filed within six months, it remains viable even though the statute of limitation may have expired. Id. OCGA § 9-2-61 (a). However, "the legislature never intended for the dismissal and renewal statutes to overcome the [five-year] statute of repose" for medical malpractice actions pursuant to OCGA § 9-3-71 (b). *Wright v. Robinson*, 262 Ga. 844, 846 (1) (426 SE2d 870) (1993). Because Carr refiled her complaint more than five years after the death of her mother or the wrongful acts occurred, the claims are subject to dismissal under the statute of repose.

While complaints against professionals may state a claim based on ordinary as well as professional negligence, the complaint's characterization of the claims as professional or ordinary negligence does not control. *Shirley v. Hosp. Auth. of Valdosta/Lowndes County*, 263 Ga. App. 408, 409-410 (1) (587 SE2d 873) (2003). Whether a complaint alleges ordinary or professional negligence is a question of law for the court. *Crisp Regional Nursing &c. v. Johnson*, 258 Ga. App. 540, 542 (574 SE2d 650) (2002). OCGA § 9-3-70 (1) defines an

"action for medical malpractice" as "any claim for damages resulting from the death of or injury to any person arising out of: ... Health, medical, dental, or surgical service, diagnosis, prescription, treatment, or care rendered by a person authorized by law to perform such service. ..." A professional malpractice action calls into question the conduct of a professional in his area of expertise. See *Moore v. Louis Smith Mem. Hosp.*, 216 Ga. App. 299, 299-300 (454 SE2d 190) (1995).

In this case, Carr's breach of contract claim alleged that Kindred "materially breached [its] contract with [the decedent] ... by ... failing to provide nursing services within the standard of care as addressed by the affidavit of [the registered nurse]." Likewise, the claim for violation of the Bill of Rights for Residents of Long Term Care Facilities[1] alleged that Kindred failed "to provide services with reasonable care and skill, ... and [violated the Act] by chemically restraining [the decedent] beyond what was minimally necessary for the safety of herself and residents." Carr's claims for fraud and deceit and negligence per se were also based essentially on the allegation that Kindred did not render services with the appropriate standard of care.

"Since the instant case ... involved the questioning of expert medical, nursing, and administrative judgments, the trial court did not err in treating it as a professional malpractice case and applying the rules appropriate thereto." *Chafin v. Wesley Homes, Inc.*, 186 Ga. App. 403, 404 (1) (367 SE2d 236) (1988).

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JULY 2, 2008 —
RECONSIDERATION DENIED JULY 28, 2008.

*Mark L. Stuckey*, for appellants.
*Schiff Hardin, Walter H. Bush, Jr., Tammy A. Bouchelle*, for appellees.

---

[1] OCGA § 31-8-108 (a) (2) provides that "[e]ach resident shall receive care, treatment, and services which are adequate and appropriate. Care, treatment, and services shall be provided as follows: ... In compliance with applicable laws and regulations."