A09A1194. FORTSON v. BROWN et al.
(690 SE2d 239)

DOYLE, Judge.
Major Fortson, proceeding pro se both below and on appeal, filed a complaint appearing to allege tortious interference with contrac-

---

tual relations against Clifford Brown and Brown's employer, Regions Bank (collectively "Appellees"). The Superior Court of Habersham County granted summary judgment to the Appellees, finding that Fortson had failed to provide any admissible evidence to support his claim. Fortson appeals the grant of summary judgment, and we affirm, for the following reasons.

1. As an initial matter,

> we note that Fortson's brief does not contain a single citation to the record, in violation of the rules of this [C]ourt. Court of Appeals Rule 25 (c) (2) (i) specifically provides that in the absence of proper reference to the record, the Court will not search for or consider such enumeration. Furthermore, Fortson's brief does not comport with Court of Appeals Rule 25 (a) (1), as it does not contain a succinct and accurate statement of the proceedings below and the material facts relevant to the appeal, nor does it state the method by which each enumeration of error was preserved for consideration on appeal. Although Fortson is acting pro se, that status does not relieve him of the obligation to comply with the substantive and procedural requirements of the law, including the rules of this [C]ourt. Indeed, it is not the function of this [C]ourt to cull the record on behalf of a party in search of instances of error. The burden is upon the party alleging error to show it affirmatively in the record. Thus, because Fortson has failed to support his enumerations by a single citation to the record, his appeal presents nothing for consideration. Nevertheless, because the record in this case is fairly small, and [the Appellees have] provided sufficient citations to the record, we will address the merits of Fortson's appeal.[1]

2. In two conclusory arguments, Fortson contends that the trial court erred in granting summary judgment to the Appellees because he was prevented from producing evidence to prove the allegations of his complaint. We disagree.

Fortson cites OCGA § 9-11-26, which deals with various discovery methods that parties may use, and OCGA § 9-11-33, which addresses the use of interrogatories by parties; however, Fortson does not offer any explanation of how those statutes support his conclusory argument that he was prevented from producing evidence

---

[1] (Punctuation and footnotes omitted.) *Fortson v. Hotard*, 299 Ga. App. 800, 801 (1) (684 SE2d 18) (2009).

to support his claim. Additionally, the record does not show that Fortson made any attempt to provide evidence to the trial court or to have the court compel discovery during the month and a half between filing his response to the motion for summary judgment and entry of the trial court's order granting the motion. If Fortson "needed additional discovery for [his] response to [the Appellees'] motion, [he] should have invoked OCGA § 9-11-56 (f). The trial court was not required to allow the completion of discovery before ruling on the motion for summary judgment."[2]

3. Fortson also alleges that the trial court erred by finding that Brown's statement to Bencio Gonzalez, with whom Fortson had entered into a real estate contract, was inadmissible hearsay. Pretermitting whether the trial court was correct in the determination, we affirm the grant of summary judgment.[3]

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[4]

So viewed, the evidence before the trial court shows that Fortson entered into a real estate contract with Gonzalez, wherein Fortson agreed to purchase 26 properties from Gonzalez. In the midst of completing the transactions, Gonzalez met with his loan officer at Regions Bank, Brown, who told Gonzalez that the transaction documents were confusing, and Gonzalez should wait and discuss the matter with an attorney.

Fortson alleged that Brown's act of advising Gonzalez to seek legal advice regarding the transactions was tortious interference with the real estate contract, and the interference led to Fortson's loss because he was forced to file a lawsuit against Gonzalez to complete the transactions.

Taking as true and admissible Fortson's contention that Brown persuaded Gonzalez to seek legal advice before completing the contract, Fortson still could not establish tortious interference.

---

[2] (Citation omitted.) *Carr v. Kindred Healthcare Operating*, 293 Ga. App. 80, 82 (1) (666 SE2d 401) (2008) (holding that a trial court's ruling on summary judgment was not premature when entered prior to conclusion of discovery).

[3] See *Goodin v. Gwinnett Health System*, 273 Ga. App. 461, 462 (1) (615 SE2d 129) (2005) (a judgment that is right for any reason will be affirmed).

[4] (Citation omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

Tortious interference claims, whether asserting interference with contractual relations, business relations, or potential business relations, share certain common essential elements: (1) improper action or wrongful conduct by the defendant without privilege; (2) the defendant acted purposely and with malice with the intent to injure; (3) the defendant induced a breach of contractual obligations or caused a party or third parties to discontinue or fail to enter into an anticipated business relationship with the plaintiff; and (4) the defendant's tortious conduct proximately caused damage to the plaintiff.[5]

First, Fortson's claim fails because the undisputed facts show that the Appellees were Gonzalez's mortgagees for the properties. If, as here, a "defendant has a bona fide economic interest in the contract or relationship with one of the parties to the contract, he is not a stranger to the contract and acts with privilege with regard to that contract."[6]

Moreover,

the plaintiff must adduce evidence of improper action or wrongful conduct, which our courts have defined as constituting conduct wrongful in itself; thus, improper conduct means wrongful action that generally involves predatory tactics such as physical violence, fraud or misrepresentation, defamation, use of confidential information, abusive civil suits, and unwarranted criminal prosecutions.[7]

Brown's statement to Gonzalez recommending delaying the transaction until seeking legal advice simply does not rise to the level of improper conduct required to make a showing of tortious interference. Accordingly, the trial court did not err in granting summary judgment to the Appellees.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED JANUARY 25, 2010.

Major Fortson, *pro se.*

---

[5] (Punctuation omitted.) *Kirkland v. Tamplin*, 285 Ga. App. 241, 243 (1) (645 SE2d 653) (2007).

[6] (Punctuation omitted.) Id. at 245 (1) (b).

[7] (Punctuation omitted.) Id. at 244 (1) (b).

*Burr & Forman, Gregory F. Harley, Kwende B. Jones*, for appellees.