**SECOND DIVISION
BARNES, P. J.,
ADAMS and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/**

**July 12, 2012**

# In the Court of Appeals of Georgia

A12A0082. BROOKS et al. v. RES-GA ALBC, LLC.

BARNES, Presiding Judge.

Appellants A. L. Brooks & Company, also known as ALB & Company and Aaron Brooks (hereinafter "Brooks") appeal from the trial court's order granting summary judgment to Multibank 2009-1 RES-ADC Venture, LLC (hereinafter "Multibank"). Brooks argues on appeal that the trial court erred in denying his motion to withdraw admissions and also in converting Multibank's motion for judgment on the pleadings to a motion for summary judgment without providing him 30 days to respond pursuant to OCGA § 9-11-12 (c) and OCGA § 9-11-56 (c). Upon our review, we affirm.

On January 28, 2009, FirstCity Bank filed a complaint on a note and guaranty against Brooks, alleging that the corporation was in default on the loan and Brooks,

as the guarantor, was liable for the $3,509,043.74 due on the loan, prejudgment interest and attorneys fees . A copy of the note and Brooks' guaranty were attached to the complaint. On March 13, 2009, Brooks , acting pro se, filed a "response to summons" on his and the company's behalf in which he responded simply, "We do not agree with the amounts of the indebtedness owed to FirstCity Bank. We are also working closely with a client who has expressed genuine interest in purchasing the collateral."

In June of 2009, FirstCity Bank was granted a motion to extend discovery until March 13, 2010, and notified the court that it was under receivership by the Federal Deposit Insurance Company ("FDIC"). On January 21, 2010, the trial court sua sponte granted Brooks' corporate entity, A. L. Brooks & Company, 31 days from the date of the order to have an attorney file a answer on the corporation's behalf. It advised that a default judgment would be entered against the corporation if an answer was not filed by an attorney. On February 22, 2010, an attorney filed an entry of appearance and answer on behalf of "the Corporation only," in which it challenged the court's jurisdiction over Brooks and the corporation and also consideration for the underlying loan. On March 25, 2010, Multibank was substituted as the party plaintiff, and was granted an additional six-month discovery period until September 15, 2010.

On July 13, 2011, Multibank served discovery on Brooks, including requests for admissions. On July 14, 2010, Multibank moved to strike the answer and enter default judgment as to the corporation because the answer was not filed by an attorney, and moved for judgment on the pleadings as to Brooks, alleging that he had failed to deny the allegations in its complaint. On July 21, 2010, the trial court denied the motion to strike as to the corporation, but scheduled a September 7, 2010 hearing on the motion for judgment on the pleadings against Brooks. It also directed Brooks to file a written response to the motion "within 30 days of service of the motion and provide a copy to [Multibank]." The trial court further advised that, should Brooks fail to timely respond, the court would rule on the motion "based on the pleadings and the evidence." Brooks did not timely respond, and on August 20, 2010, a new attorney filed a notice of appearance and substitution of counsel on behalf of the corporation and Brooks, and also moved for an extension of time in which to file his response to the motion for the judgment on the pleadings. Brooks argued his failure to respond on time was due to "excusable neglect," and that he should be allowed to respond pursuant to OCGA § 9-11-6 (b).[1] The trial court placed the motion for an

---

[1] The Civil Practice Act provides that, when an act is required within a specific time, "the court for cause shown may at any time in its discretion[,] . . . upon motion made after the expiration of the specified period, permit the act to be done where the

3

extension of time to respond to Multibank's motion for judgment on the pleadings on the September 7, 2010 hearing calendar, to be addressed before the motion for judgment on the pleadings.

During this period, Brooks' responses to several discovery requests were due, including requests for admissions, answers to interrogatories, and motions to produce, but he did not respond to them. At the September 7, 2010, hearing on the motions, Brooks was not present but was represented by his new counsel, who argued that his motion for an extension of time to respond to the motion for judgment on the pleadings should be granted pursuant to OCGA § 9-11-6 (b), due to "excusable neglect," because he was not represented by counsel during that time and did not know how to file responsive pleadings or answers.

The trial court denied the motion for more time to respond, finding no excusable neglect. It then heard Multibank's motion for judgment on the pleadings and Brooks' response, then orally granted the motion, after advising the parties that it was converting Multibank's motion to one for summary judgment "because [it] was unable to ascertain the liquidated damages from the complaint alone" and had

_____

failure to act was the result of excusable neglect. . . ." OCGA § 9-11-6 (b).

4

"looked to the previously filed Request for Admissions that were not responded to by Brooks." .

On September 8, 2010, Brooks filed a motion to withdraw his admissions and a motion to extend the time to file answers to the requests for admissions. In a September 13, 2010 order, the trial court scheduled a hearing on the motion for October 19, 2010; however, on October 14, 2010, the trial court entered a written order granting Multibank's motion for summary judgment against Brooks personally, nunc pro tunc to September 7, 2010. In the order, the trial court noted that Brooks did not file his motion to withdraw his admissions until after the trial court had ruled against him from the bench, and had not proffered any evidence that would have excused his failure to respond to the discovery request. The court awarded Multibank $3,509,043.74, plus attorneys fees of $567,359.05. Brooks appeals from this order.

1. Brooks first contends that the trial court erred in not granting his motion to withdraw his admissions. He argues that the presentation of the merits of the case would clear up the miscalculations of the debt and also that Multibank failed to show that it would be prejudiced by the withdrawal of the admissions.

If the time for response to a request for admission passes "without answer or objection, then the requests are admitted subject only to the requestee's opportunity

5

under OCGA § 9-11-36 (b) on motion to have his admissions withdrawn. . . ." (Citation, punctuation and emphasis omitted.) *Atlanta Cas. Co. v. Goodwin*, 205 Ga. App. 421 (422 SE2d 76) (1992). Thus, the matters in the requests for admissions were admitted by operation of law when Brooks failed to answer the requests within 30 days of service. OCGA § 9-11-36 (a) (2). The trial court had the discretion to permit withdrawal of the admissions if (1) that withdrawal would subserve or advance the presentation of the merits of the action, and (2) that there is no satisfactory showing that withdrawal will prejudice the party who obtained the admissions. OCGA § 9-11-36 (b).

However, "[t]he motion in this case, made after grant of summary judgment for the defendant, was not timely." *Meadows v. Dalton*, 153 Ga. App. 568 (2) (266 SE2d 235) (1980). By issuing the order nunc pro tunc the "trial court caused the written [order] to relate back to . . . the date of the hearing and its oral ruling." *Hinkle v. Woolever*, 249 Ga. App. 249, 252, n. 1 (547 SE2d 782) (2001). Moreover,

> [t]he party seeking to withdraw the admissions has the burden of establishing the first prong by showing that the admitted request either can be refuted by admissible evidence having a modicum of credibility or is incredible on its face, and the denial is not offered solely for purposes of delay. Failure to present admissible, credible evidence

6

contradicting the admitted matters justifies the denial of the motion to withdraw.

(Citations and punctuation omitted.) *Porter v. Urban Residential Dev. Corp.*, 294 Ga. App. 828, 829-830 (1) (670 SE2d 464) (2008). Under the first prong, Brooks bore the burden of either showing the admissions were incredible on their face or presenting admissible, credible evidence refuting the admissions. "If the movant fails to make the required showing to satisfy the first prong of the test, then the trial court is authorized to deny the motion to withdraw the admissions." *Turner v. Mize*, 280 Ga. App. 256, 257 (1) (633 SE2d 641) (2006). Under such circumstances, "there is no need to address the second prong." Id. at 259 (1).

Brooks made no attempt in the trial court to make either showing relative to the first prong. Thus, the trial court did not abuse its discretion in denying his request to withdraw the admissions.

2. Brooks also contends that the trial court erred in converting the motion for judgment on the pleadings to a motion for summary judgment without providing additional time for him to "confront the evidence."

> When matters outside the pleadings are considered by the trial court on a motion to dismiss for failure to state a claim, the motion is converted to a motion for summary judgment pursuant to OCGA § 9-11-

7

56, and the trial court has the burden of informing the party opposing the motion that the court will consider matters outside the pleadings and that, if the opposing party so desires, the party has no less than 30 days to submit evidence in response to the motion for summary judgment.

(Citation omitted.) *Gaddis v. Chatsworth Health Care Center*, 282 Ga. App. 615, 616-617 (1) (639 SE2d 399) (2006). The 30-day notice period can be waived through acquiescence of the party opposing the motion. *Davis v. Phoebe Putney Health Systems*, 280 Ga. App. 505, 507 (2) (634 SE2d 452) (2006). Moreover, the error is not reversible absent a showing of harm. *Sentry Ins. &c. v. Echols,* 174 Ga. App. 541, 542 (1) (330 SE2d 725) (1985).

Here, Multibank acknowledged at the hearing that the trial court could not ascertain the amount of liquidated damages from the complaint alone. The court then considered Brooks' default admissions to ascertain the amount of damages and informed Brooks that it would treat the motion as one for summary judgment. It then permitted Brooks to present arguments on the summary judgment motion. Brooks argued that a general denial of indebtedness was sufficient to present a triable issue,

8

and that Multibank failed to properly plead venue, and also addressed several discovery issues.

Even though Brooks asserts harm as a result of the ruling, he has offered nothing to suggest that the ruling would have been any different if he had been given 30 days to respond with more evidence. *Christensen v. State*, 219 Ga. App. 10, 12 (4) (464 SE2d 14) (1995). Under the Civil Practice Act, a venue defense shall "be asserted in the responsive pleading thereto, if one is required . . . [or] by motion in writing." OCGA § 9-11-12 (b). Want of venue, however, may be waived expressly by failing to raise it in an answer or by written motion, or impliedly by failing to elicit a ruling from the trial court on the question of venue before the entry of judgment or the commencement of trial. *Williams v. Willis*, 204 Ga. App. 328, 329 (419 SE2d 139) (1992). A defense based on improper venue must be brought to the attention of the trial court "at the earliest opportunity to plead." *Maalouf v. Knight*, 237 Ga. App. 509, 511 (2) (515 SE2d 650) (1999).

Brooks never raised the issue before the hearing, and as was noted at the hearing, had not filed a motion to transfer venue. Even in his affidavit filed the day after the hearing, Brooks merely asserted that the amounts due were incorrect, and alluded to the payments not being made because of "certifications and approvals"

9

related to the real estate development for which the monies had been loaned. He presented no documentation showing a contradictory amount owed on the loan, nor any evidence contravening his guaranty of the loan.

Thus, as Brooks has not shown that given additional time he would have filed additional affidavits or other supporting documentation in response to a motion for summary judgment, he has not shown that he was harmed by having the motion for judgment on the pleadings converted to a motion for summary judgment. Accordingly, no reversal is required. See *Tucker v. Thomas C. Talley, M.D., P.C.*, 267 Ga. App. 820, 823 (2) (600 SE2d 778) (2004).

*Judgment affirmed. Adams and McFadden, JJ., concur.*