**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 20, 2013**

# In the Court of Appeals of Georgia

A13A0364. SIMS v. FIRST ACCEPTANCE INSURANCE COMPANY OF GEORGIA, INC.

MCFADDEN, Judge.

After Pamela Battle struck pedestrian Dexter Sims with her vehicle on December 5, 2008, Sims (through his next friend, Vicki Sims) brought a personal injury suit against Battle. In a separate action, First Acceptance Insurance Company of Georgia, Inc. sought a declaratory judgment that an automobile liability insurance policy it had issued to Battle was not in effect at the time of the accident. The trial court in the declaratory judgment action denied Sims's motion to conduct discovery and granted judgment on the pleadings to First Acceptance. On appeal, Sims challenges the timeliness of the declaratory judgment action and argues that the trial court erred in granting the judgment on the pleadings and denying him discovery. As

detailed below, we find that the declaratory judgment action was timely. We also find that First Acceptance's motion for judgment on the pleadings was converted to a motion for summary judgment, that Sims has not shown that the trial court erred in granting summary judgment, and that the trial court properly denied Sims's motion to allow discovery. Accordingly, we affirm the judgment in favor of First Acceptance.

1. *Facts and procedural background.*

First Acceptance filed its complaint for declaratory judgment on November 16, 2011, in which it pertinently alleged the following facts. It issued an automobile liability insurance policy to Battle on July 31, 2008. On November 17, 2008, it sent Battle a notice of cancellation of the policy for non-payment of premium, informing her that the cancellation would be effective November 30, 2008. The accident involving Sims occurred on December 5, 2008. The next day, Battle met with an insurance agent about reinstating her policy and, as a condition precedent of reinstatement, signed a "Statement of No Loss" in which she represented that she had not been in an accident during the period in which the policy had been cancelled. On the basis of this representation, and not knowing about the December 5 accident, First Acceptance accepted Battle's payment of the overdue premium and reinstated the

2

policy. First Acceptance subsequently undertook to defend Battle in the underlying tort action pursuant to a reservation of rights.

Battle admitted all of the above-cited facts in her answer to First Acceptance's complaint in the declaratory judgment action. In his answer, Sims stated that he was without sufficient knowledge to admit or deny these facts (except as to the reservation of rights, which he denied on the ground that it "was not disclosed to [him] during discovery in the underlying tort action"). He also alleged that First Acceptance was barred from seeking a declaratory judgment because it did not bring its action in a timely manner.

On January 26, 2012, First Acceptance moved for judgment on the pleadings, alleging that there was no coverage for the incident involving Sims because First Acceptance had cancelled the policy and only reinstated it after the loss (known to Battle but undisclosed to the insurance company) had already occurred. In its motion, First Acceptance asserted that "[t]his case can be adjudicated on the pleadings *or on summary judgment*, if not on the basis of the current pleadings, within a matter of 60 to 90 days from the date of these motions. First Acceptance needs to conduct no discovery based on the responsive pleading of Battle herein." (Emphasis supplied.) On February 29, 2012, Sims filed a response to the motion, and he attached exhibits,

including letters exchanged between counsel for First Acceptance and Sims's sister, medical records, and a police report, in support of his opposition to the motion.

On March 7, 2012, the trial court held a hearing on First Acceptance's motion for judgment on the pleadings. The trial court heard testimony at the hearing, which was not taken down. On March 12, 2012, Sims filed a "motion to allow discovery" in the declaratory judgment action.

On March 26, 2012, the trial court entered an order, stating therein that "[b]ased upon the pleadings of the parties *and testimony presented in court*, the [c]ourt hereby denies Defendant Sims'[s] motion to allow discovery and grants the plaintiff's motion for judgment on the pleadings." (Emphasis supplied.) On the basis of that order, the trial court subsequently entered judgment in favor of First Acceptance "because the automobile liability insurance policy referenced [in the pleadings] was not in force or effect at the time of the Sims['s] accident on December 5, 2008. Therefore, no coverage is afforded by First Acceptance of the claims asserted by Sims against Battle [in the underlying personal injury action]."

2. *Timeliness of the declaratory judgment action.*

Citing *Richmond v. Georgia Farm Bureau Mut. Ins. Co.*, 140 Ga. App. 215 (231 SE2d 245) (1976), Sims argues that First Acceptance cannot challenge policy

4

coverage because it failed to file its declaratory judgment action in a timely manner. He points out that First Acceptance instead defended the underlying tort suit for more than two years and did not file the declaratory judgment action until the underlying suit was placed on a trial calendar.

*Richmond*, however, is inapposite. It "set forth a procedure by which an insurer could challenge policy coverage through a declaratory judgment where the insured refused to consent to a defense under a reservation of rights; this procedure included the requirement that the insurer seek immediate declaratory relief." *Boatright v. Old Dominion Ins. Co.*, 304 Ga. App. 119, 125 (2) (b) (695 SE2d 408) (2010) (citation and punctuation omitted). In contrast, nothing in the record in this case shows that Battle objected to a defense under the reservation of rights asserted by First Acceptance. Consequently, the amount of time that had passed and the stage of litigation reached in the underlying suit were not relevant to First Acceptance's ability to challenge policy coverage, because First Acceptance "was not required to file a declaratory judgment action *within any particular time period, or at all*, to avoid estoppel." Id. (citation omitted; emphasis supplied). Accord *Kay-Lex Co. v. Essex Ins. Co.*, 286 Ga. App. 484, 491 (1) (b) (649 SE2d 602) (2007); *Jacore Systems v. Central Mut. Ins. Co.*, 194 Ga. App. 512, 514 (1) (b) (390 SE2d 876) (1990).

3. *Summary judgment motion.*

(a) *Conversion to summary judgment.*

As an initial question, we must decide how to treat First Acceptance's motion for judgment on the pleadings in light of Sims's response thereto. Sims attached exhibits to his response to First Acceptance's motion for judgment on the pleadings, and the trial court stated in its March 26, 2012 order that it considered "testimony" given at the March 7, 2012 hearing. Consequently, "[b]ecause the trial court considered matters outside the pleadings, the motion [for judgment on the pleadings] was converted to one for summary judgment." *Robertson v. Ridge Environmental, LLC*, 319 Ga. App. 570, 571 (737 SE2d 578) (2013) (punctuation omitted).

Nonetheless, Sims contends that the trial court erred in converting the motion for judgment on the pleadings to a motion for summary judgment because it did so without notice. We disagree. When a motion is converted to a motion for summary judgment,

> the trial court has the burden of informing the party opposing the motion that the court will consider matters outside the pleadings and that, if the opposing party so desires, the party has no less than 30 days to submit evidence in response to the motion for summary judgment. The 30-day notice period can be waived[, however,] through acquiescence of the

6

party opposing the motion. Moreover, [any] error [in converting the motion] is not reversible absent a showing of harm.

*Brooks v. RES-GA ALBC, LLC*, 317 Ga. App. 264, 268 (2) (730 SE2d 509) (2012) (citations and punctuation omitted).

Here, the record does not contain an objection by Sims to the trial court's consideration of evidence when deciding First Acceptance's motion for judgment on the pleadings, and, in fact, Sims submitted evidence on his own behalf in response thereto.

> Thus, [Sims] acquiesced in . . . [the trial court's consideration] of evidence in support of the motion [for judgment on the pleadings], and, in effect, requested that the motion be converted into one for summary judgment by submitting [his] own evidence and by urging the trial court . . . to consider this evidence. Hence, all parties and the court treated the motion to dismiss as one for summary judgment. Where, as here, both parties submit evidence in connection with a motion [for judgment on the pleadings], there is no indication of prejudice due to the trial court's failure to give notice of the actual nature of the pending action. Under the circumstances, [Sims] waived the right to any formal 30-day notice from the trial court.

*Davis v. Phoebe Putney Health Sys.*, 280 Ga. App. 505, 507 (2) (634 SE2d 452) (2006) (citations and punctuation omitted). See also *Lamb v. Fulton-DeKalb Hosp.*

7

*Auth.*, 297 Ga. App. 529, 532 (1) (677 SE2d 328) (2009) (by failing to object and by submitting her own evidence, the party opposing the motion "acquiesced in [the movant's] submission of evidence in support of its motion for judgment on the pleadings and also, in effect, requested that the motion be converted into a motion for summary judgment") (citations omitted).

(b) *Merits of summary judgment.*

Sims has not shown by the record that the trial court erred in granting summary judgment to First Acceptance.

> On appeal from a grant of a motion for summary judgment, we review the evidence de novo in the light most favorable to the nonmovant to determine whether a genuine issue of fact remains and whether the moving party is entitled to judgment as a matter of law. As the moving party, [First Acceptance] may do so by showing the court that the documents, affidavits, depositions, and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of the . . . case.

*Burnside v. GEICO General Ins. Co.*, 309 Ga. App. 897, 898 (714 SE2d 606) (2011) (punctuation and footnote omitted).

The trial court's order specifically stated that it was granting judgment to First Acceptance "[b]ased upon the pleadings of the parties and testimony presented in

8

court." Without a transcript, "we cannot determine whether evidentiary submissions, stipulations, or statements in place by counsel were tendered at the hearing. Therefore, we must presume that the trial court's findings are supported by competent evidence and that the court applied the appropriate standard in granting summary judgment." *Hatcher v. Family Dollar Store*, 280 Ga. App. 191, 191-192 (633 SE2d 568) (2006) (citation and punctuation omitted).

We further note that "under OCGA § 33-24-44[,] an insurance company is entitled to terminate an automobile insurance policy because of the nonpayment of premiums after delivering or mailing written notice of the cancellation to the insured in accordance with the statutory requirements." *Reynolds v. Infinity General Ins. Co.*, 287 Ga. 86, 91 (694 SE2d 337) (2010). The evidence of record reveals no dispute that First Acceptance provided Battle with written notice of the cancellation, that the notice complied with the applicable statutory requirements, or that the cancellation was effective as of November 17, 2008. On December 8, 2008, after cancellation of the policy, and despite having been involved in an accident with Sims the preceding day, Battle signed the Statement of No Loss, which states in relevant part:

> As a condition precedent to the reinstatement of my insurance, I, the undersigned, state that . . . I . . . [have] not had a claim or loss . . . or . .

9

. been involved in an accident . . . related to the ownership, maintenance, or use of any motor vehicle covered by this policy, nor as a pedestrian, during the period beginning at 12:01 [a.m.] on the cancellation or expiration date and today's date and time. . . .

I agree and understand that [First Acceptance] is relying solely upon this "Statement of No Loss" as an inducement to reinstate my policy with no lapse in coverage. *I further understand that if a claim, loss, or accident has occurred for which coverage might be claimed under my policy during "the no loss," the reinstatement granted by [First Acceptance] is null and void and no coverage shall exist under this policy*.

(Emphasis supplied). Given the lack of any evidence in the record giving rise to a genuine issue of material fact on whether Battle falsely represented that she had not been in an accident during the time her insurance had lapsed, we find no error in the trial court's grant of summary judgment in favor of First Acceptance. See *Burnside*, 309 Ga. App. at 903 (4) (affirming the grant of summary judgment to the insurance company in declaratory judgment action because the insurance properly cancelled the policy).

4. *Discovery motion.*

Sims argues that the trial court erred by denying his motion to allow discovery and that the trial court should not have granted summary judgment in favor of First Acceptance before he had an opportunity to take additional discovery. We disagree.

> Pursuant to OCGA § 9-11-56 (a), a party seeking to recover upon a claim may, at any time after the expiration of 30 days from the commencement of the action, move with or without supporting affidavits for summary judgment. Thus, the civil practice rules contemplate that a summary judgment motion may be filed and ruled upon prior to the completion of discovery. Under Uniform Superior Court Rule 6.2, the party opposing a summary judgment motion has 30 days to file a response unless otherwise ordered by the judge. The conditional language of the superior court rule clearly gives the trial judge discretion regarding the period of time by which a party must respond to a summary judgment motion.

*Smyrna Dev. Co. v. Whitener Ltd. Partnership*, 280 Ga. App. 788, 791 (3) (635 SE2d 173) (2006) (citations and punctuation omitted).

Pursuant to OCGA § 9-11-56 (f), however, "in order to extend the time to respond to a summary judgment motion so that additional discovery may be had, the party opposing the motion must file an affidavit explaining why he cannot present by affidavits facts essential to justify his opposition and therefore needs time to conduct or obtain additional discovery." *Smyrna Dev. Co.*, 280 Ga. App. at 791 (3) (citation

11

and punctuation omitted). "Thus, if [Sims] needed additional discovery for [his] response to [First Acceptance's] motion, [he] should have invoked OCGA § 9-11-56 (f)." *Carr v. Kindred Healthcare Operating*, 293 Ga. App. 80, 82 (1) (666 SE2d 401) (2008). Because Sims failed to do so, "[t]he trial court was not required to allow the completion of discovery before ruling on the motion for summary judgment." Id. See also *Fortson v. Brown*, 302 Ga. App. 89, 90-91 (2) (690 SE2d 239) (2010).

Moreover, even if we construe Sims's motion to allow discovery as a motion under OCGA § 9-11-56 (f), he has demonstrated no basis for reversal. "The granting or denial of a motion under OCGA § 9-11-56 (f) lies in the sound discretion of the trial judge and will not be reversed absent a showing of clear abuse of discretion." *JarAllah v. Schoen*, 243 Ga. App. 402, 406 (4) (531 SE2d 778) (2000) (punctuation omitted). Here, the trial court indicated in its order that it heard testimony at the hearing, and without a transcript, Sims "[has] not overcome the presumption of regularity of the court's proceedings nor shown that the trial court failed to exercise its discretion in denying [his motion to allow discovery or to reserve judgment pending discovery]." *Scott v. Govt. Employees Ins. Co.*, 305 Ga. App. 153, 157 (3) (700 SE2d 198) (2010) (punctuation omitted). See also *Gilco Investments v. Stafford*

12

*Cordele, LLC*, 267 Ga. App. 167, 169-170 (1) (598 SE2d 889) (2004). Accordingly, we find no error in the trial court's denial of Sims's motion to allow discovery.

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*