**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER, and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**August 9, 2013**

# In the Court of Appeals of Georgia

A13A1096. BROUGHAM CASKET & VAULT COMPANY, LLC
      v. DELOACH.

BARNES, Presiding Judge.

In this suit on an open commercial account, the registered agent of Defendant Brougham Casket & Vault Company, LLC ("Brougham"), who was not an attorney, signed and served Brougham's responses to the plaintiff's requests for admission. Concluding that Brougham could only be represented in the litigation by an attorney, the trial court ruled that the responses were defective and struck them. The trial court further ruled that the plaintiff's requests for admission were deemed admitted by Brougham by operation of law; that Brougham had failed to properly seek to withdraw or amend the admissions; and that, as a result of the admissions, the plaintiff was entitled to judgment as a matter of law on his open account claim. On appeal, Brougham challenges the trial court's grant of judgment as a matter of law to the plaintiff, and for the reasons discussed below, we affirm.

The record reflects that William W. DeLoach filed this suit on an open commercial account against Brougham, alleging that Brougham was indebted to him in the principal amount of $50,834.72 based on a series of loans that it had failed to repay. DeLoach thereafter served several requests for admission on Brougham that covered the substantive allegations of his complaint. Brougham's responses to the requests for admission were signed and served on DeLoach by its registered agent, who was not an attorney.

Brougham's president, who was incarcerated, ultimately retained counsel for the company. Brougham then filed a "Motion to Modify Response to Request for Admission" (the "Motion to Modify"). In its Motion to Modify, Brougham sought "to modify and/or vacate" its prior responses to the requests for admission, which it conceded had been served on DeLoach "without the representation of counsel as required by law." Brougham sought to serve amended responses upon DeLoach through its new counsel.

DeLoach filed a brief opposing Brougham's Motion to Modify. Additionally, when the parties later appeared for trial, DeLoach moved for judgment as a matter of law on his open account claim, contending that Brougham's original responses to his requests for admission were defective because they had been served on him by a non-

2

lawyer and thus should be stricken, that the requests for admission should be deemed admitted by Brougham by operation of law in light of the defective responses, and that Brougham's Motion to Modify was not a proper motion to withdraw or amend the admissions under OCGA § 9-11-36 (b).

The trial court agreed with DeLoach. Accordingly, the trial court struck Brougham's original responses to the requests for admission; held that DeLoach's requests for admission were deemed admitted by operation of law; refused to allow Brougham to withdraw or amend the admissions; and determined that, as a result of the admissions, there were no genuine issues of material fact in dispute and DeLoach was entitled to judgment as a matter of law. Based on these rulings, the trial court entered final judgment in favor of DeLoach on his open account claim in the principal amount of $50,834.72, plus interest, attorney fees, and costs. Brougham then filed a motion for new trial, which the trial court denied, resulting in this appeal.

1. As an initial matter, Brougham does not contest that its original responses to the requests for admission were defective because they were served on DeLoach by a non-lawyer. See *Eckles v. Atlanta Technology Group, Inc.*, 267 Ga. 801, 803-806 (2) (485 SE2d 22) (1997) (corporations can be represented in litigation only by attorneys); *Winzer v. EHCA Dunwoody, LLC*, 277 Ga. App. 710, 713-714 (3) (627

3

SE2d 426) (2006) (limited liability companies, like corporations, must be represented by attorneys in courts of record). See also *Howell v. Styles*, 221 Ga. App. 781, 784 (3) (472 SE2d 548) (1996) (requests for admission served on behalf of corporation by individual not authorized to practice law are defective, and opposing party need not respond to them). Consequently, Brougham failed to properly "serve[] upon the party requesting the admission a written answer or objection addressed to the matter" as required by OCGA § 9-11-36 (a) (2), and the trial court was authorized to strike the defective responses and give them no legal effect. See *Howell*, 221 Ga. App. at 784 (3). Cf. *US-1 Van Lines of Ga. v. Ho*, 240 Ga. App. 417, 417-418 (1) (523 SE2d 643) (1999) (physical precedent only) (trial court properly refused to consider motion for continuance filed on behalf of corporation by non-lawyer).

Brougham contends, however, that it was entitled to cure the defect in its original responses to the requests for admission by having its newly retained counsel serve amended responses on DeLoach. As such, Brougham argues that the trial court erred by denying its Motion to Modify, by concluding that DeLoach's requests for

admission were deemed admitted by operation of law, and by granting judgment as a matter of law to DeLoach.[1] We are unpersuaded.

Unless a response to requests for admission is timely and properly served upon the party requesting the admission, the requests are deemed admitted as a matter of law. See OCGA § 9-11-36 (a) (2), (b); *Fox Run Properties, LLC v. Murray*, 288 Ga. App. 568, 569 (1) (654 SE2d 676) (2007); *Hammett v. Bailey*, 147 Ga. App. 105, 106 (248 SE2d 180) (1978). Once the requests are deemed admitted, each of the matters addressed in the requests "are conclusive as a matter of law on the matters stated and cannot be contradicted by other evidence unless the admissions are withdrawn or amended on formal motion." (Citations and punctuation omitted.) *Fox Run Properties, LLC*, 288 Ga. App. at 569 (1). The burden is on the party who failed to timely and properly respond to the requests for admission "to take the initiative and file a motion under OCGA § 9-11-36 (b) to withdraw or amend the admissions." *Karat Enterprises v. Marriott Corp.*, 196 Ga. App. 769, 770 (397 SE2d 44) (1990).

---

[1] Brougham suggests several times in its brief that the trial court entered "default judgment" in favor of DeLoach. But the trial court clearly did not enter judgment to DeLoach under the default judgment statute, OCGA § 9-11-55. Rather, the trial court granted judgment as a matter of law to DeLoach based on the admissions made by Brougham that effectively removed any genuine issues of material fact from the case.

5

Under OCGA § 9-11-36 (b), a trial court may permit a party to withdraw or amend the admissions if "(1) the presentation of the merits will be subserved by the withdrawal, and (2) the party obtaining the admission fails to satisfy the court that withdrawal will prejudice him in maintaining his action or defense on the merits." (Citations omitted.) *Fox Run Properties, LLC*, 288 Ga. App. at 570 (1).

> The first prong of the test is not perfunctorily satisfied and the desire to have a trial, standing alone, is not sufficient to satisfy the test. If the burden of proof on the subject matter of the request for admission is on the requestor, the movant is required to show the admitted request either can be refuted by admissible evidence having a modicum of credibility or is incredible on its face, and the denial is not offered solely for purposes of delay. If the movant fails to make the required showing to satisfy the first prong of the test, then the trial court is authorized to deny the motion to withdraw the admissions.

(Citations and punctuation omitted.) *Turner v. Mize*, 280 Ga. App. 256, 257 (1) (633 SE2d 641) (2006). "We will not disturb the trial court's ruling on a motion to withdraw admissions absent a showing of abuse of discretion." *Fox Run Properties, LLC*, 288 Ga. App. at 570 (1).

Here, as previously explained, Brougham's original responses to the requests for admission were defective and were properly stricken by the trial court, and,

6

therefore, the requests for admission were deemed admitted by operation of law unless successfully withdrawn or amended upon proper motion by Brougham. But Brougham never filed a proper motion to withdraw or amend the admissions and never sought to establish that the merits would be subserved by permitting withdrawal or amendment of the admissions.

Instead of filing a motion to withdraw or amend the admissions in accordance with OCGA § 9-11-36 (b), Brougham filed its Motion to Modify in which it simply notified the trial court that it now had retained counsel and asked that new counsel be permitted to serve amended responses on DeLoach. Consequently, Brougham failed to satisfy its burden of showing that the presentation of the merits would be subserved by allowing withdrawal or amendment of the admissions, and the trial court did not abuse its discretion in denying Brougham's Motion to Modify and deeming DeLoach's requests for admission admitted by operation of law. See *Brooks v. RES-GA ALBC, LLC*, 317 Ga. App. 264, 267 (1) (730 SE2d 509) (2012); *Worth v. Alma Exchange Bank & Trust*, 171 Ga. App. 748, 752-753 (2) (320 SE2d 816) (1984).

However, relying on *Peachtree Plastics, Inc. v. Verhine*, 242 Ga. App. 21, 22 (528 SE2d 837) (2000), Brougham contends that it was entitled as a matter of right

7

under OCGA § 9-11-15 (a) to cure its prior defective responses to the requests for admission simply by having its newly retained attorney serve amended responses on DeLoach prior to entry of the pretrial order. As such, Brougham contends that OCGA § 9-11-36 (b) does not control in this case and that it was not required to show that the presentation of the merits would be subserved by allowing withdrawal or amendment of the admissions.

Brougham's reliance on *Peachtree Plastics* and OCGA § 9-11-15 is misplaced. *Peachtree Plastics* involved a situation where the defendant corporation's *answer* was originally filed by a non-lawyer, and amendment of an answer is controlled by OCGA § 9-11-15 (a), which addresses the amendment of "pleadings." But a response to requests for admission is not a "pleading." See OCGA § 9-11-7 (a); *Chandler v. Opensided MRI of Atlanta, LLC*, 299 Ga. App. 145, 148 (2), n. 5 (682 SE2d 165) (2009) (noting that "pleadings are defined as seven specific filings, including a 'complaint' and an 'answer'"). Thus, the present case is controlled by the withdrawal and amendment provisions of OCGA § 9-11-36 (b), not OCGA § 9-11-15 (a). See *Schafer v. Wachovia Bank of Ga., N. A.*, 248 Ga. App. 466, 469 (2) (546 SE2d 846) (2001) (distinguishing amendment of complaint from withdrawal or amendment of admissions, which are "governed by different statutory procedure[s] and scheme[s]").

8

For these combined reasons, the trial court committed no error in determining that Brougham's original responses to the requests for admission were defective and should be stricken, that the requests for admission were deemed admitted by operation of law, and that Brougham had not met the requirements for withdrawing or amending the admissions. Furthermore, because Brougham's admissions left no genuine issue of material fact in dispute, DeLoach was entitled to judgment as a matter of law on his open account claim, as the trial court properly ruled. See *Powerhouse Custom Homes, Inc. v. 84 Lumber Co.*, 307 Ga. App. 605, 608 (705 SE2d 704) (2011).

2. In a separate enumeration of error, Brougham contends that DeLoach should have been estopped from arguing, on the day of trial, that he was entitled to judgment as a matter of law based on the defective responses to his requests for admission. In this regard, Brougham maintains that DeLoach's motion violated the consolidated pretrial order entered in the case and that the trial court should have denied the motion on that ground.[2] The pretrial order, however, is not included in the appellate

---

[2] At one point during the litigation, DeLoach filed a motion for default judgment on the ground that Brougham's answer was defective because it too had been filed a non-lawyer. DeLoach withdrew that motion after Brougham's newly retained counsel filed an amended answer. In addition to its argument regarding the pretrial order, Brougham argues that by withdrawing his motion for default judgment,

9

record. Brougham carries the burden of providing this Court with a sufficient record to review the enumeration of error raised, and because Brougham has failed to meet this burden, we must assume that the record supported the trial court's ruling. See *Knight v. City of Hogansville*, 314 Ga. App. 233 (723 SE2d 442) (2012); *Mapp v. We Care Transp. Svcs.*, 311 Ga. App. 879, 879-880 (717 SE2d 263) (2011).

*Judgment affirmed. Miller and Ray, JJ., concur.*

---

DeLoach abandoned any challenge to the responses to his requests for admission and "ambushed" Brougham by then raising the admission issue at trial. Brougham's argument is without merit. DeLoach's motion for default judgment clearly addressed Brougham's answer, not its responses to the requests for admission. As such, the withdrawal of that motion in no way indicated that DeLoach was abandoning any challenge he might choose to bring regarding Brougham's responses to the requests for admission.