**SECOND DIVISION**
**ANDREWS, P. J.,**
**MILLER and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 24, 2015**

# In the Court of Appeals of Georgia

A15A1096.  MONOLITH  COMPANIES,  LLC  v.  HUNTER
      DOUGLAS HOSPITALITY, INC.

ANDREWS, Presiding Judge.

In this action on a commercial account, the plaintiff, Hunter Douglas Hospitality, Inc. ("Hunter Douglas"), filed a motion for summary judgment after the defendant, Monolith Companies, LLC ("Monolith"), failed to respond to requests for admission. The trial court granted Hunter Douglas' motion, and Monolith now appeals, arguing that the requests for admission were not timely under Uniform Superior Court Rule 5.1 and that the order granting summary judgment in Hunter Douglas' favor contravened that rule. For the reasons set forth below, we affirm.

"On appeal from the grant of summary judgment, we conduct a de novo review of the record and construe all evidence in the light most favorable to the nonmovant."

*Jackson v. Nemdegelt, Inc.*, 302 Ga. App. 767, 768 (691 SE2d 653) (2010). So viewed, the record shows that Hunter Douglas filed its complaint against Monolith on May 6, 2013 alleging that Monolith was indebted to it in the sum of $23,860.13 in principal, plus interest, on a commercial account. Following service of the summons and complaint, Monolith filed its answer on or about July 13, 2013. More than six months later, on January 21, 2014, Hunter Douglas served requests for admission, interrogatories, and requests for production on Monolith.

On March 28, 2014, Hunter Douglas filed its motion for summary judgment arguing that it was entitled to a judgment as a matter of law because Monolith failed to respond to Hunter Douglas' requests for admission, one of which requested that Monolith admit that it was "indebted to [Hunter Douglas] for the sum set forth in [Hunter Douglas'] Complaint." In its response to Hunter Douglas' motion, Monolith asserted that Hunter Douglas served the requests for admission after the discovery period ended, it was not required to answer them, and the trial court could not require it to do so consistent with Uniform Superior Court Rule 5.1. Monolith also stated that in an abundance of caution it was filing a motion to withdraw admissions. The record on appeal, however, does not include any such motion, and Monolith does not assert on appeal that it filed a motion to withdraw. The trial court subsequently entered an

2

order granting Hunter Douglas' motion and entering a judgment against Monolith for $23,860.13 in principal, accrued interest of $6,706.99, and court costs and post judgment interest.

Monolith argues on appeal that the trial court's order granting Hunter Douglas' motion was tantamount to requiring or compelling it to answer the requests for admission in violation of Uniform Superior Court Rule 5.1. We disagree.

Uniform Superior Court Rule 5.1 states in relevant part:

> In order for a party to utilize the court's compulsory process to compel discovery, any desired discovery procedures must first be commenced promptly, pursued diligently and completed without unnecessary delay and within 6 months after the filing of the answer. . . . At any time, the court, in its discretion, may open, extend, reopen or shorten the time to utilize the court's compulsory process to compel discovery.

It is undisputed that Hunter Douglas served its requests for admission and other discovery requests shortly after the expiration of the six-month period following the filing of the answer. As such, Hunter Douglas was foreclosed from utilizing the trial court's compulsory process to compel Monolith to respond to the discovery requests. Contrary to Monolith's argument, Hunter Douglas' motion for summary judgment did

not seek to compel answers to the requests for admission, nor did the order on appeal purport to require any answers to the requests.

Requests for admission are governed by OCGA § 9-11-36, which provides:

A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of subsection (b) of Code Section 9-11-26 which are set forth in the request and that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request.

OCGA § 9-11-36 (a) (1). Under OCGA § 9-11-36 (a) (3), a party who has requested admissions may file a motion to determine the sufficiency of the answers or objections. That subsection further provides that "[u]nless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of this subsection, it may order either that the matter is admitted or that an amended answer be served." Id. To the extent that a motion under OCGA § 9-11-36 (a) (3) constitutes utilizing a court's compulsory process within the meaning of Uniform Superior Court Rule 5.1, Hunter Douglas never invoked OCGA § 9-11-36 (a) (3) here, and, indeed, it could not

4

do so given that Monolith never served responses or objections to the requests for admission.

Pertinent here is OCGA § 9-11-36 (a) (2), which addresses the obligations of a party served with requests for admission and provides in relevant part that "[t]he matter is admitted unless, within 30 days after service of the request or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney."[1] The admission that arises from a failure to respond to a request for admission in the required time frame arises by operation of law, without the necessity of court action. *Brougham Casket & Vault Co. v. DeLoach*, 323 Ga. App. 701, 703 (747 SE2d 707) (2013) ("Unless a response to requests for admission is timely and properly served upon the party requesting the admission, the requests are deemed admitted as a matter of law.").

In its order granting Hunter Douglas' motion for summary judgment, the trial court simply gave effect to the admission that resulted from Monolith's failure to object or respond to the requests for admission. Acknowledging Monolith's

---

[1] A defendant, however, normally is not required to file a response to requests for admission before the expiration of 45 days after service of the summons and complaint. See OCGA § 9-11-36 (a) (2).

admission was not tantamount to compelling compliance with discovery contrary to Uniform Superior Court Rule 5.1, and the trial court was bound to recognize the admission under the express terms of OCGA § 9-11-36. Once an admission has been made for purposes of OCGA § 9-11-36, the matter is "conclusively established unless the court, on motion, permits withdrawal or amendment of the admission." OCGA § 9-11-36 (b). A trial court "may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." Id.[2] Monolith never filed a motion to withdraw, and, as such, the trial court was without authority to

---

[2] The first requirement of this test

is not perfunctorily satisfied . . . and the desire to have a trial, standing alone, is not sufficient to satisfy the test. If the burden of proof on the subject matter of the request for admission is on the requestor, the movant is required to show the admitted request either can be refuted by admissible evidence having a modicum of credibility or is incredible on its face, and the denial is not offered solely for purposes of delay.

(Citation and punctuation omitted.) *Turner v. Mize*, 280 Ga. App. 256, 257 (1) (633 SE2d 641) (2006).

6

disregard Monolith's admissions. See *Vis v. Harris*, 329 Ga. App. 129, 135 (1) (b) (764 SE2d 156) (2014) ("[T]he failure to make a motion to have admissions withdrawn or amended forecloses remedial action under OCGA § 9-11-36 (b), and therefore the requests for admissions which were not answered or objected to are deemed admitted.") (citation and punctuation omitted).

When Monolith received Hunter Douglas' requests for admission, it could have availed itself of various options to assert its position that they were untimely. It might have served objections referencing the expiration of the discovery period or moved for a protective order, for example. Later, Monolith could have moved to withdraw its admissions, but it did not do so. As Monolith "did not avail itself of any of the variety of responses available under OCGA § 9-11-36 and chose not to seek the liberal remedies afforded to parties under the statute to avoid the consequences of a failure to respond, . . . the subject matter of [Hunter Douglas'] requests for admission stood admitted." *G. H. Bass & Co. v. Fulton County Bd. of Tax Assessors*, 268 Ga. 327, 331 (2) (486 SE2d 810) (1997). Monolith thus admitted that it was indebted to Hunter Douglas in the amount alleged in the complaint, removing any genuine issue of material fact from the case. As such, the trial court properly granted Hunter Douglas' motion for summary judgment. See *Brougham Casket & Vault Co.* supra,

7

323 Ga. App. at 705 (trial court properly determined plaintiff in action on open commercial account was entitled to judgment as a matter of law where defendant's answers to requests for admission were properly stricken and defendant failed to file a proper motion to amend or modify admissions that arose by operation of law); *Stephens v. Alan V. Mock Constr. Co.*, 302 Ga. App. 280, 287-288 (2) (690 SE2d 225) (2010) (in homeowners' action against remediation company, trial court properly granted summary judgment for defendant on homeowners' claims based on homeowners' failure to respond to requests for admission); *Jackson v. Nemdegelt*, supra, 302 Ga. App. at 769-771 (trial court properly granted summary judgment for plaintiff in action to recover debt owed on retail installment contract based on admissions arising from plaintiff's failure to respond to requests for admission).

*Judgment affirmed. Miller and Branch, JJ., concur.*